ISAAC EASLEY v. STATE

No. 32,052. June 8, 1960

546

No attorney for appellant of record on appeal.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Harry A. Nass, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is robbery by assault; the punishment, 5 years.

Yee Bow Wong, the injured party, testified, with the aid of an interpreter, that on the night in question she was in the back of the store where she and her husband lived when a colored man came in the store and ordered T-bone steak, that she came to the front of the store and sat at the cash register in order to be ready to receive the customer's money, but that the customer went out the front door and left his purchases on the counter. She stated that in a matter of minutes the colored man re-entered the store, approached her cash register, which she had already opened, placed a knife in her right side, and at the same time took the money from her cash register with his left hand. She testified that she was too frightened to move or say anything but that her seven-year-old daughter called to her father who was in the back of the store, told him that Mama was being robbed, and that appellant resembled the robber both as to height and build.

Francis Wong, Yee Bow's husband, testified that appellant, whom he positively identified, entered his store on the night in question at a time when there were no other customers present, came to the meat counter at the rear of the store and ordered T-bone steak, which he cut, wrapped and delivered to appellant; that appellant then proceeded to the front of the store where he ordered soda water; and that a short while thereafter his daughter called out that her mother was being robbed. Francis pursued the robber as he fled the store but lost him in the darkness, and later identified appellant at a lineup in the jail.

Officer Granados testified, without objection, that he arrived at the Wong store shortly after the robbery, exhibited several "mug shots" which he happened to have in his possession, and that both Wongs immediately identified a picture of appellant.

Appellant, testifying in his own behalf, denied the robbery, stated that he was working in Dallas at the time, and denied that Wong had ever identified him, though he had been carried to the Wong store after his arrest. He admitted that he had recently been convicted in three separate cases for robbery and that he had served a term in the penitentiary for forgery.

Ranger Zeno Smith testified in rebuttal that he had carried appellant to the Wong store on one occasion after his arrest and that Wong had positively identified him as the robber, as he did at the lineup in the jail.

The jury resolved the disputed issue of identity against appellant, and we find the evidence sufficient to support the conviction. Stockwell v. State, 166 Tex. Cr. Rep. 577, 316 S. W. 2d 742. No bills of exception appear in the record.

The judgment is affirmed.