FRED ARISPE CRUZ V. STATE

No. 33,770. November 29, 1961
Motion for Rehearing Overruled January 31, 1962

Appellant represented himself.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Jack Paul Leon, Harry A. Nass, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is robbery; the punishment, 35 years.

The indictment alleged that appellant assaulted and robbed Herbert G. Cannon of a wallet, on or about April 20, 1960.

The state's evidence shows that Cannon was working part time at the Lone Star Ice and Food Store on Pleasanton Road, in San Antonio. John A. Sonnier, the night manager, was present.

Mr. Cannon testified that he and Mr. Sonnier closed the place of business about 11 P.M. on April 20, 1960, and while

they were in the process of taking the money out of the cash register, appellant came to the front door; that he indicated to appellant by motion that the place was closed; that he and Mr. Sonnier placed the money in the safe and left by the back door. The door locked automatically and neither he nor Mr. Sonnier had a key with which to reopen it.

According to the testimony of Cannon and Sonnier, appellant and another Latin American ran up to them at the back of the building and appellant, with a pistol in his hand, told Cannon: "Hold it right there. Give me the money."

After they explained that they had no key to the building, appellant and his companion searched them and attempted to open the door with the keys Cannon and Sonnier had. They then took Cannon's billfold or wallet and what money he had in his pockets and ordered Cannon and Sonnier to lie down on the grass and remain there about 20 minutes.

Appellant and Robert Baray Lopez were arrested shortly after 9 P.M. on April 22, 1960, by officer Tackett who testified: "They were sitting together on the curb." Two pistols were found on the person of Lopez.

The undisputed evidence, including the testimony of appellant, shows that Herbert G. Cannon and John A. Sonnier identified appellant in a police lineup as one of the robbers. Both Cannon and Sonnier identified him at the trial.

Appellant's testimony and that of his witnesses was to the effect that he was with Mary Castro and Anita Mora on the night of April 20, 1960, and they went to the carnival. He testified that he was not at the Lone Star Ice Station on Pleasanton Road on April 20, 1960, and had never been there; that he had never seen Mr. Cannon or Mr. Sonnier until he saw them at the police lineup when they picked him out.

On cross-examination appellant admitted that, while he was awaiting trial in this case, he escaped from a deputy sheriff who had him handcuffed to a chair in the courthouse, and was recaptured some three hours later.

Appellant testified on cross-examination that he had twice been convicted of possession of marihuana.

Appellant also testified that he did not even know Robert

Baray Lopez and was not with him, though they were in the same location when arrested, and that he had not been with him.

The jury rejected appellant's claim of alibi and resolved the issue of his guilt against him. The evidence is sufficient to sustain their verdict. Ramirez v. State, 335 S.W. 2d 228; Easley v. State, 336 S.W. 2d 428, and Hatfield v. State, 161 Texas Cr. R. 362, 276 S.W. 2d 829, sustain our holding.

Appellant was dissatisfied with the services of his counsel and it is apparent that in preparing his appeal he has not followed the advice of counsel familiar with proper procedure.

We have examined the many complaints he has attempted to present. As applied to the record herein, no merit is found in any of them.

Appellant is in no position to complain that he was charged and found guilty of ordinary robbery whereas the evidence was that firearms were used. See Carr v. State, 158 Texas Cr. R. 337, 255 S.W. 2d 870.

Robert Baray Lopez was not a competent witness in behalf of appellant, he having been indicted also for the robbery, and the trial court did not err in declining to have him brought from the penitentiary on a bench warrant, as appellant requested.

The judgment is affirmed.