**Fred Arispe CRUZ, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24817.**

United States Court of Appeals
Fifth Circuit.

March 15, 1968.

---

**236**

Will Gray, Houston, Tex., for appellant.

Lonny F. Zwiener, Robert E. Owen, Asst. Attys. Gen., Austin, Tex., for appellee.

Before RIVES, GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

Appellant was convicted in separate trials in state court on separate charges of the felony offense of robbery by assault. In both he plead not guilty, was tried before a jury and convicted. His first sentence on September 23, 1960, was set at five to fifteen years and was affirmed on appeal. Cruz v. State, 170 Tex.Cr.R. 611, 343 S.W.2d 457. His second sentence imposed on March 16, 1961, was set at five to thirty-five years, to run consecutively to the first sentence, and was also affirmed on appeal. 172 Tex.Cr.R. 1, 351 S.W.2d 226. The appellant was not represented by counsel on either appeal.

The most recent of appellant's numerous legal maneuvers seeking judicial relief from his sentences was a habeas corpus proceeding in the United States District Court for the Southern District of Texas. In his petition, Cruz alleged, inter alia, that he was denied the assistance of counsel on appeal despite his request that counsel be appointed. The district court held no evidentiary hearing, but considered the appellant's contention on the basis of appellant's record from previous habeas corpus proceedings and his state court records. Relief was denied by memorandum and order dated October 25, 1966. From this order Cruz has appealed in forma pauperis to this Court.

Although the record is not clear as to the exact nature of his request for counsel on appeal, the district court opinion does recite that "I hold that he cannot complain of the failure to appoint counsel on appeal, when his only request therefor was a letter designating the one attorney whom he found to be acceptable." Appellant contends he also requested "any other attorney whom the Appellate Court considered capable and willing to give Appellant a proper and adequate defense in appealing his case." A determination of the specific request actually made is not necessary because subsequent to the district court's memorandum and order the Supreme Court decided the case of Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967) which is practically identical with the instant case. There the district court did not hold an evidentiary hearing, although the record did indicate some type of manifestation by the petitioner of his desire for counsel on appeal. The Supreme Court held that "even if such a request [for counsel on appeal] had not been made, we do not think its absence would amount to a waiver of respondent's rights. It is now settled 'that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend upon a request.' Carnley v. Cochran, 369 U.S. 506, 513, 82 S.Ct. 884, 8 L.Ed.2d 70, 76." The record in the instant case clearly shows that Cruz did manifest a desire for counsel on appeal.

Upon oral argument before this court it was disclosed that the State of Texas has available transcripts of the state court trials at which Cruz was convicted and that he can still be effectively afforded an out of time appeal. We hold that appellant was deprived of his right of direct appeal with the assistance of counsel and we remand the case in order to provide him with a review of his convictions with the aid of counsel on direct appeal as adequate as if pursued in the first instance. Schwander v. United States, 386 F.2d 20 (5 Cir. 1967);

LeMaster v. Beto, 387 F.2d 612 (5 Cir. Dec. 28, 1967); Merkel v. Beto, 387 F.2d 854 (5 Cir. Jan. 4, 1968).

Reversed and remanded.