**Fred Arispe CRUZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 33770.**

Court of Criminal Appeals of Texas.

June 4, 1969.

---

Will Gray, Houston (On out of time appeal only), for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an out of time appeal resulting from the Fifth Circuit Court of Appeals decision in Cruz v. Beto, 391 F.2d 235 holding that the appellant was denied counsel on the original appeal of this case to this Court. Cruz v. State, 172 Tex.Cr.R. 1, 351 S.W.2d 226.

The conviction is for robbery by assault; the punishment, thirty-five years.

The appellant contends that the trial court erred in denying his timely application to subpoena and issue a bench warrant for his co-defendant Robert Baray Lopez for the reason that such ruling denied him his right to have compulsory process for obtaining Lopez as a material witness for his defense.

It is undisputed that Lopez, at the time of the trial in this case, had been indicted and convicted upon his plea of guilty for the same offense of robbery charged herein and was then an inmate of the Department of Corrections under said conviction.

The record reveals that the appellant plead not guilty and testified that he did not commit the robbery and was not at the scene of the robbery when it was allegedly committed; that he did not know Lopez but further testified that "I have this affidavit from Robert Lopez (handing document to counsel)", and that Lopez had informed him that he would testify in this case.

The record further reveals that the appellant timely applied in writing for the issuance of a bench warrant for Robert Lopez in order that he could be present as a material witness for him in his defense on the trial of this case. The order of the trial judge denying the application for a bench warrant for Lopez recites: "This witness cannot under the law be used as a defense witness." This Court in its original opinion held that "the trial court did not err in declining to have him (Lopez) brought from the penitentiary on a bench warrant, as appellant requested."

Arts. 82, Vernon's Ann.P.C., and 711, Vernon's Ann.C.C.P., in force at the time of the trial of this cause have since been repealed by the Texas Legislature.

In Washington v. State, Tex.Cir.App., 400 S.W.2d 756, which was affirmed by this Court before the repeal of Arts. 82 and 711, supra, the trial court sustained the objection of the state to the calling of Fuller, a co-principal, who had been convicted of the murder for which Washington was on trial.

After this Court affirmed, the United States Supreme Court reversed the judgment in the Washington conviction (388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019) holding that he

"* * * was denied his right to have compulsory process for obtaining witnesses in his favor because the State

arbitrarily denied him the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material to the defense."

The holding of the Supreme Court of the United States in Washington v. Texas, supra, is applicable and controls the disposition of this appeal and requires that the conviction be reversed. Overton v. State, Tex.Cr.App., 419 S.W.2d 371.

The judgment is reversed and the cause is remanded, and the appellant is ordered released from the Department of Corrections under his conviction in Cause No. 59069, and delivered to the Sheriff of Bexar County to answer the indictment pending against him in said cause.

DOUGLAS, J., not participating.