Trinidad CEVALLOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00384–CR.

Court of Appeals of Texas, San Antonio.

July 27, 1988.
Rehearing Denied Aug. 30, 1988.

A. Lynn Tiemann, Seguin, Stanley G. Schneider, Houston, for appellant.

Sean K. Proctor, Asst. Dist. Atty., Seguin, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

The motion for rehearing is denied. Our opinion of May 11, 1988, is withdrawn, and the following opinion is substituted.

Appellant Trinidad Cevallos was convicted by a jury of murder. The jury assessed punishment at 99 years' confinement. We affirm the conviction.

The issues before us are:

1) whether the appellant was denied a fair trial due to the lack of effective assistance of trial counsel;

2) whether the evidence was sufficient to support the conviction;

3) whether the evidence was sufficient to support the sentence; and

4) whether the trial court erred in denying appellant's motion for new trial based on newly discovered evidence.

The record reflects that while driving his car to work appellant saw the deceased, Ignacio Sandoval, and stopped. A discussion began between the two concerning an earlier altercation involving appellant and the deceased's younger brother. Appellant pulled a gun, fired several fatal shots at the deceased, and then drove away. Appellant admitted shooting the deceased, but claimed self-defense, alleging that the deceased pulled a gun on him. No gun was found at the scene.

In his first point of error, appellant contends he was denied effective assistance of trial counsel.

A claim that trial counsel's assistance was so defective as to require reversal of a conviction has two components. *Strick-*

*land v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant first must show that trial counsel's representation fell below an objective standard of reasonableness. Second, the accused must show that this deficient performance prejudiced the defense. To demonstrate prejudice, appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. Further, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which ... will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. at 697, 104 S.Ct. at 2069.

■ Initially, appellant complains that his trial counsel failed to conduct a reasonable investigation. Appellant refers this Court to testimony at the hearing on his motion for new trial which established that trial counsel failed to independently investigate the possibility that the deceased may have owned a gun. Appellant, however, fails to show how the result of the trial would have been different but for this alleged deficiency. In addition, there is no reasonable probability that the jury's verdict would have been different since the evidence was overwhelming that at the time of the shooting the deceased did not have a gun.

The testimony at the hearing also established that trial counsel did not personally go to the scene of the shooting at any time after the shooting took place. However, appellant has again failed to show how, but for the lack of this investigation, the result would have been different. Trial counsel testified he had driven by the area on other occasions, was familiar with the area, and the area was described at trial the way he remembered.

Appellant next complains of trial counsel's alleged failure to generally prepare for trial. The record, however, does not support this assertion. The record reflects that trial counsel met with appellant on five or six occasions and carefully discussed with him the events leading up to the shooting; that trial counsel requested autopsy and offense reports from the State; that trial counsel solicited from appellant names of possible witnesses; and that trial counsel obtained the criminal record of the deceased.

Appellant next complains of his trial counsel's alleged failure to communicate all plea bargains to him. The record reflects that very early in the case the State made a plea bargain offer of ten years without probation. The State, however, withdrew this offer before the date of trial. On the date of trial, the State made a second plea bargain offer reducing the charge to voluntary manslaughter with no recommendation of punishment. Trial counsel testified as follows:

Q: Prior to the jury trial, did you discuss with the District Attorney or confer with him regarding a possible plea bargain of any type?

A: Yes, I did.

Q: Based upon your investigation of all the evidence in this case, was such a plea bargain offered that was made to you? [sic]

A: I didn't understand.

Q: One you considered to be reasonable?

A: In retrospect, it was quite reasonable.

Q: And did you convey this plea bargain to your client?

A: Yes, I did.

Q: When did you convey that plea bargain offer?

A: The date on which we discussed a plea bargain, which actually was *the date of trial.* (emphasis supplied)

Appellant argues that this testimony establishes he was not informed of the earlier plea bargain. However, the prosecutor testified as follows:

... At one time very early in the case we discussed the possibility of a ten year sentence plea bargain. [Trial counsel] advised me that *after consulting with his client,* he was maintaining his innocence due to self defense and that noth-

ing involving a prison term would be accepted.... (emphasis supplied)

The record therefore is unclear as to whether appellant's trial counsel informed him of the earlier offer. However, even if we were to find that counsel did not inform him of the earlier offer, appellant's testimony was that he would have accepted a five year prison term which was never offered. Appellant never testified that he would have agreed to the ten year offer. Therefore, appellant has not shown prejudice due to trial counsel's alleged failure to inform him of the State's offer. *See Ex parte Wilson*, 724 S.W.2d 72 (Tex.Crim.App.1987) (en banc).

■ Appellant next complains of trial counsel's failure to object to evidence admitted during the punishment hearing. The evidence appellant contends should have been objected to is a copy of a 1982 indictment of appellant for aggravated assault. Appellant argues that, but for the failure to object to the introduction of the allegedly inadmissible indictment, there is a reasonable probability that the sentence would have been different. Specifically, appellant argues that the sentence would have been different because the remaining evidence is insufficient to support the 99 year sentence.

We initially hold that the indictment was admissible and therefore trial counsel's failure to object would not constitute deficient performance. While the State generally cannot impeach a witness concerning his criminal record unless the charges have resulted in final convictions for felonies or other final convictions involving moral turpitude, there is an exception. *Ochoa v. State*, 481 S.W.2d 847 (Tex.Crim.App.1972). Where the witness makes statements concerning his exemplary conduct such as having never been charged with an offense, the State may impeach such testimony. *Ochoa v. State*, 481 S.W.2d at 850.

On direct examination, appellant testified as follows:

Q: You have, before we started this trial, filed an application, sworn with the Court, that you had never been convicted of a felony in this state or any other state, is that right?

A: Yes, sir.

Q: And is that true?

A: Oh, yes, sir.

Q: And they are talking about one time you were arrested in 1982 and apparently nothing ever came of that?

A: No, sir.

On cross examination, the following transpired:

Q: [Prosecutor] Not exactly true that nothing ever came of that arrest in 1982, is it? You were indicted, were you not, by the Guadalupe County Grand Jury?

A: No, sir. I wasn't.

Q: You were not indicted?

A: I was not indicted.

Since appellant opened the door by testifying on direct examination that nothing came of the 1982 arrest and on cross that he was not indicted, we hold that the State properly impeached appellant's testimony with the introduction of the indictment.

■ Assuming the indictment was inadmissible, we then consider appellant's argument that the sentence is then left unsupported by the evidence remaining, after eliminating the indictment. We disagree. Murder is a first degree felony. TEX.PENAL CODE ANN. § 19.02(b) (Vernon 1974). A first degree felony is punishable by confinement "for life or for any term of not more than 99 years or less than 5 years." TEX.PENAL CODE ANN. § 12.32(a) (Vernon Supp.1988). A penalty within the range prescribed by the legislature will not be disturbed on appeal. *Ransonnette v. State*, 522 S.W.2d 509 (Tex.Crim.App.1975).

■ However, since this complaint goes to the general ineffective assistance of counsel point of error, we must resort to the special standard enunciated by the Texas Court of Criminal Appeals to be applied to "ordinary sentencing."

[W]e observe that in *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Cr.App.1987), because the Supreme Court itself had excluded "ordinary sentencing" from the ambit of

*Strickland v. Washington, supra,* a majority resorted to the standard retained in *Ex parte Duffy,* 607 S.W.2d 507 (Tex. Cr.App.1980). *Cruz, supra,* at 57–58. That is, "counsel reasonably likely to render and rendering reasonably effective assistance," *Duffy,* at 514, n. 14, and 516, "whose services are gauged by the totality of the representation afforded," Clinton & Wice, *Assistance of Counsel in Texas,* 12 St. Mary's L.J. 1, at 8 (1980). *Ex parte Williams,* 753 S.W.2d 695, 698 (Tex.Crim.App.1988).

Applying the totality of representation standard, we cannot say that counsel was ineffective.

■■■■ Appellant next complains of trial counsel's failure to obtain a proper charge on self-defense. The charge on self-defense read as follows:

## XI

Upon the law of self defense you are instructed that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

The use of force against another is not justified in response to verbal provocation alone.

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other; and

(2) if a reasonable person in the defendant's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force.

"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

"Deadly force" means force that is intended or known by the person using it to cause, or in the manner of its use or intended use is capable of causing death or serious bodily injury.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

You are further instructed that it is your duty to consider all relevant facts and circumstances surrounding the alleged killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the alleged offense.

Now, therefore, bearing in mind the foregoing definitions and instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, TRINIDAD CEVALLOS, in the County of GUADALUPE, State of Texas, on or about the 10TH day of JANUARY, 1987, did then and there intentionally and knowingly cause the death of IGNACIO SANDOVAL by shooting him with a firearm as alleged in the indictment; but you further find from the evidence, or have a reasonable doubt thereof, that the defendant reasonably believed that deadly force when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force by the said IGNACIO SANDOVAL; and that at such time a reasonable person in the defendant's situation would not have retreated, you will acquit the defendant and say by your verdict "not guilty."

You are further instructed, however, that if you believe from the evidence beyond a reasonable doubt that at the time and place in question that the deceased was not using or attempting to use unlawful force on the defendant, and that the defendant did not reasonably believe that deadly force when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force, either real or apparent, as viewed

from his standpoint alone, or that a reasonable person in the defendant's position at that time would have retreated, then you will find against the defendant on his plea of self-defense.

We note that in making a global allegation that the charge was not "clearly structured and balanced" and that the trial counsel failed to object, appellant has violated TEX. R.APP.P. 74. Further, appellant again fails to show how but for the deficiency, if any, a reasonable probability exists that the result of the trial would have been different. Specifically, appellant complains of trial counsel's failure to request an instruction on his right to arm himself. However, appellant was not entitled to the instruction since the right to self-defense was not limited by an instruction on provoking the difficulty. *Young v. State,* 530 S.W.2d 120 (Tex.Crim.App.1975).

Appellant finally complains of trial counsel's alleged failure to present a plausible argument explaining the missing gun. The record, however, does not support this contention. During trial, trial counsel made efforts to explain the missing gun by attempting to establish that a bystander may have taken it during the period of time after appellant drove away and before the authorities arrived. Since no gun was found, this appears to be a plausible argument. Appellant's first point of error is overruled.

■ In his second point of error, appellant attacks the sufficiency of the evidence to support his conviction. Appellant's brief, however, fails to discuss which elements of the offense he is contending are not sustained by the evidence. TEX.R. APP.P. 74. A research of the record, however, reflects there was sufficient evidence to support the conviction.

The standard of review in both direct and circumstantial cases requires that we look at the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386,

387 (Tex.Crim.App.1984) (en banc). Appellant was charged with murder pursuant to TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1974), which provides:

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual.

The evidence viewed in the light most favorable to the prosecution established that appellant confronted the deceased about an altercation the deceased had with appellant's brother; appellant pulled a gun and shot the deceased; and that the deceased died from the injuries inflicted by the gun shots. Applying the appropriate standard of review, we find sufficient evidence to support all the elements of the offense. Appellant's second point of error is overruled.

In his third point of error, appellant contends the evidence was insufficient to support the 99 year sentence.

Appellant argues that without the introduction of the 1982 indictment, which he contends was inadmissible, the sentence is excessive because it was not supported by the evidence. We have already concluded that the indictment was admissible for impeachment purposes, although it was not admissible nor was it used for enhancement. The evidence, without considering the indictment, was sufficient to support the punishment assessed because it was within the range prescribed by the legislature. *Ransonnette v. State,* 522 S.W.2d at 512. The point is overruled.

In the final point of error, appellant contends the trial court committed reversible error by denying his motion for new trial based on newly discovered evidence.

A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge and, absent a showing of abuse of discretion, his decision should not be disturbed on appeal. *Bolden v. State,* 634 S.W.2d 710, 711 (Tex. Crim.App.1982). To show that the judge abused his discretion, the record must reflect that:

1) the new evidence was unknown to the movant before trial;

2) the movant's failure to discover the new evidence was not due to a lack of diligence;

3) the new evidence is probably true and its materiality is such as will probably bring about a different result on another trial; and

4) the new evidence is competent, not merely cumulative, corroborative, collateral, or impeaching.

*Bolden v. State,* 634 S.W.2d at 711, 712; *Balderas Cortez v. State,* 735 S.W.2d 294 (Tex.App.—Dallas 1987, no pet.); TEX.R. APP.P. 30(b)(6).

 At the hearing on appellant's motion for new trial, the record reflects testimony that:

1) the deceased possessed a gun two days before the shooting;

2) police officers were aware of appellant's claim of self-defense from the outset;

3) the deceased was not checked for powder burns; and

4) a witness explained the presence of the gun in appellant's car by testifying that he had been shooting rabbits with appellant the night before.

We hold that the trial judge did not abuse his discretion by denying appellant's motion for new trial based on this newly discovered evidence. The first piece of evidence is at most collateral. The inference suggested from this evidence is that the deceased was armed at the time of the shooting. This contention, however, was fully developed at trial, rejected by the jury, and appellant fails to show that this evidence will probably bring about a diffrent result in a new trial. With respect to the second piece of evidence, appellant does not explain and we fail to see how it will probably bring about a different result in another trial. The third piece of evidence concerns the failure to check the deceased for powder burns. We note that the evidence does not show the deceased was tested and found to have fired a gun, but only that he was not tested. The mere showing of a failure to check the deceased does not suffice in showing that the test would have probably brought about a different result

in another trial. The final piece of evidence was clearly known to appellant before trial, and appellant has failed to show that it would probably bring about a different result in a new trial.

The point is overruled.

The judgment of the trial court is affirmed.