Chris Fletcher WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00005–CR.

Court of Appeals of Texas, El Paso.

Feb. 28, 1990.

Shane Green Foster, Foster & Foster, Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for the offense of aggravated possession of cocaine with intent to deliver. The jury assessed punishment at twenty-five years imprisonment and a fine of $10,000.00. We affirm.

In Point of Error No. One, the Appellant asserts that the trial court erred in failing to grant the Appellant's Motion for New Trial in that the Appellant was denied effective assistance of counsel. The Appellant's sole allegation of ineffective assistance centers upon his contention that a conflict of interest existed which prevented counsel at trial from presenting evidence favorable to the Appellant. At the hearing on the Motion for New Trial, Appellant's counsel testified that he had initially represented the Appellant and his co-defendant, Ken Goolsby. He stated that he first determined a conflict of interest existed when the plea negotiations did not develop and both defendants desired jury trials. At that point, counsel testified that he went to the court, although this occurrence appears nowhere in the record except at the hearing on the Motion for New Trial, and stated, "I had a conflict and Mr. Goolsby didn't have the funds to pay for a hired attorney and Mr. Wilson had already paid me in full." Another attorney was provided for Mr.

Goolsby. The Appellant went to trial first. Goolsby pled guilty to the offenses subsequent to the Appellant's trial. Counsel testified that another conflict of interest developed during the Appellant's trial when counsel realized that the State's case against his client was stronger than he had anticipated. While counsel stated that this conflict was material, he could not reveal the exact nature of the conflict due to his continuing obligation of confidentiality to Goolsby. He merely stated that he was prevented from utilizing Goolsby as a witness who could have provided favorable and exculpatory evidence for the Appellant. There were intimations later in counsel's testimony that Goolsby was the only one of the two who had any involvement in actually obtaining the cocaine from its source. On cross-examination, counsel admitted that, even if Goolsby had never been his client, it was improbable that he would have testified given his Fifth Amendment rights. The co-defendant Goolsby testified at the hearing on the Motion for New Trial. He indicated that he was the one who obtained the cocaine from the source but that he and the Appellant were, in effect, partners in the alleged transactions.

A criminal defendant is entitled to reasonably effective assistance at trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing assertions of the ineffectiveness of counsel, the totality of the representation is examined as opposed to focusing upon isolated acts or omissions. The reviewing court does not engage in hindsight or comparisons of how other counsel might have tried the case. *Wilkerson v. State*, 726 S.W.2d 542 (Tex.Crim.App.1986), *Boles v. State*, 598 S.W.2d 274 (Tex.Crim.App. 1980). The Court of Criminal Appeals has frequently held that representation by the same attorney of multiple defendants amounts to ineffective assistance of counsel. *James v. State*, 763 S.W.2d 776 (Tex. Crim.App.1989). However, such multiple representation is not per se violative of Sixth Amendment protections. *Holloway v. Arkansas*, 435 U.S. 475; 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Where a defendant lodges no objection at trial to multiple representation, he or she is required to demonstrate some *actual* and not merely speculative conflict of interest before there is an entitlement to a reversal of the conviction on appeal. *James v. State*, 763 S.W.2d 776 (Tex.Crim.App.1989). In *Calloway v. State*, 699 S.W.2d 824 (Tex.Crim.App.1985), the Court of Criminal Appeals held that the mere assertion at trial that a conflict exists without a more particularized indication of the general nature of the conflict does not relieve a defendant of the necessity of demonstrating that an actual conflict occurred. In *Calloway*, there was not a joint trial as was the situation in the instant case. This tends to reduce the potential for a divergence of the interests of multiple defendants. *Id.* at 830.

In the present case, there apparently was an indication to the court that a conflict existed, but there was no assertion with regard to the general nature of the conflict. As such, our analysis centers upon whether the Appellant has shown an actual conflict. We find that the Appellant's assertions with regard to his inability to utilize the testimony of Goolsby to be entirely speculative in nature. It is not at all clear that trial counsel could have utilized his testimony or would have even known about it had he never represented Goolsby. Even in a speculative sense, when Goolsby's testimony at the hearing on the Motion for New Trial is reviewed, it is difficult to perceive how this testimony would have aided the Appellant. Point of Error No. One is overruled.

In Point of Error No. Two, the Appellant contends that the court erred in failing to grant his Motion for New Trial on the ground of newly discovered evidence. A Motion for New Trial grounded on newly discovered evidence is addressed to the sound discretion of the trial judge, and his decision thereon, absent a showing of clear abuse of discretion, should not be disturbed on appeal. *Williams v. State*, 504 S.W.2d 477 (Tex.Crim.App.1974). To demonstrate that the court abused its discretion, the record must indicate: (1) that the evidence was unknown to the movant

before trial; (2) that his failure to discover the evidence was not due to his want of diligence; (3) that the evidence is probably true and its materiality is such as will probably bring about a different result on another trial; and (4) that it is competent, not merely cumulative, corroborative, collateral, or impeaching. *Bolden v. State,* 634 S.W.2d 710 (Tex.Crim.App.1982). Even if a prima facie case is made out requiring a new trial, that result is negated when the trial court determines that the new testimony is not probably true or a different result will not probably be reached if the new testimony is produced upon another trial. *Id.* at 712.

 In support of his Motion for New Trial, the Appellant utilized the testimony of his trial counsel and Charlotte Wood. Counsel testified that Wood contact him several days after trial and that he had been unaware of this witness prior to that time. Charlotte Wood testified that she knew both the Appellant and Ken Goolsby. She stated that she was unaware that the trial had taken place. Wood testified that a friend of hers named Crazy Wayne Sterling had left a package with her, the contents of which were unknown to her. She stated that Goolsby came to her dwelling on the date of the offense and gave her the password whereupon she gave the package to him. Goolsby opened the package and she recognized that it contained cocaine because she had been to a drug awareness program with her daughter. She then pleaded with Goolsby not to sell the cocaine and to get rid of it. She testified that Goolsby responded that, "Oh, you are just like Chris. That is all you say, just like Chris. That is all he has been preaching about all day." Wood testified that Chris was the Appellant. At the same hearing on the Motion for New Trial, Ken Goolsby testified that he and the Appellant had dealt cocaine together on a number of occasions. He stated that Wood had been utilized as a source of cocaine on a number of occasions and that he had called her on the date of the offense in order to obtain the cocaine that was utilized in the alleged transactions. Even if we grant, arguendo, that the Appellant has met the first two

prongs of the aforementioned test, we find that the court did not abuse its discretion with regard to the third prong. Point of Error No. Two is overruled.

 In Point of Error No. Three, the Appellant argues that the court erred in admitting the laboratory reports pursuant to the business records exception to the hearsay rule. At trial, Burgess Cooke, the supervisor of the Department of Public Safety Crime Laboratory in Midland, Texas, testified with regard to the analysis of the contraband. The actual analysis had been conducted by his assistant, David Legg. Cooke testified from the lab reports and these reports were admitted into evidence as a business record. It is long established that this is a valid procedure. *Roberts v. State,* 537 S.W.2d 461 (Tex. Crim.App.1976). Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.