**Winifred Douglas ALFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–90–097–CR.**

Court of Appeals of Texas, Waco.

March 28, 1991.

Thomas D. Whitworth, Cleburne, for appellant.

Dan M. Boulware, Dist. Atty., Cleburne, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

CUMMINGS, Justice.

A jury convicted Appellant of the burglary of a habitation which occurred on March 3, 1989. *See* TEX.PENAL CODE ANN. § 30.02(a)(1). Punishment was assessed at seven years in prison. Appellant complains that the court abused its discretion when it refused to grant a new trial based on newly discovered evidence from a prison inmate which absolved him from criminal responsibility. We will affirm.

At trial Appellant called as a defense witness Roosevelt Owens, who was serving a fifteen-year prison sentence for a burgla-

ry which occurred on March 13, 1989. Owens testified as follows:

Q ... Do you know anything about a burglary up around Crowley about the 3rd of March of that year?

A No, sir.

Q Okay. Did you ever talk to anybody about that burglary?

A Yes, sir. They asked me about it.

Q Who asked you about it?

A Detectives.

Q Okay. And what did you tell them?

A I don't know nothing about it....

Q Okay. Mrs. Riddle has told us there was a burglary at her house on March 3rd up on—up near Crowley, three black men. Do you know anything about that at all?

A I would—I would like not to answer that question.

Q Why is that?

A Because I might incriminate myself.

Q Okay. You feel like if you answer that question, it might lead to some sort of criminal prosecution of you?

A Yes, sir.

Q Okay. Do you know anybody—do you know who else may have been involved in that offense?

A No, sir.

Q Okay. Was [Appellant] involved in that?

A No, sir. I never—I was raised up with him, and I never knew of him burglarizing no house.

Q Okay. When you were arrested back in the middle of March of last year, did you sign a statement admitting the [March 13] burglary over off of 917?

A Yes, sir.

Q Okay. Are you absolutely positive that [Appellant] had nothing to do with either one of these burglaries?

A No, sir.

Q Are you positive he didn't or positive he did?

A I'm positive he didn't.

Q Did not.

A Yeah.

Owens also testified at the hearing on the motion for a new trial that Appellant had nothing to do with the March 3 burglary. Owens claimed that he, Randy Lynn and Richard McKnight had committed the burglary for which Appellant had been convicted. The court denied the motion for a new trial.

█ The court must grant a new trial when new evidence favorable to the accused has been discovered since the trial. TEX.R.APP.P. 30(b)(6). The denial of a motion for a new trial based on a claim of newly discovered evidence must be reviewed for an abuse of discretion. *Van Byrd v. State*, 605 S.W.2d 265, 267 (Tex. Crim.App. [Panel Op.] 1980). When a court grants a new trial based on newly discovered evidence the record must reflect that:

(1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial.

*Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App.1980).

Clearly, Owens' testimony was cumulative of his testimony at the trial. He merely repeated his claim that Appellant was not involved in the March 3 burglary. Second, the probable truth of Owens' testimony was for the court to determine. *See Van Byrd*, 605 S.W.2d at 267–68. Owens denied at trial that he knew anything about the March 3 burglary and, at the hearing on the motion for new trial, claimed to know all about it. Under the circumstances, the court was faced with Owens' inconsistent testimony. Furthermore, Owens' testimony conflicted with the victim's unequivocal identification of Appellant at trial as one of the burglars who committed the March 3 burglary. For these reasons, the court did not abuse its discretion when it refused to grant a new trial based on newly discovered evidence.

*See id.* Appellant's points of error are overruled and the judgment is affirmed.

THOMAS, Chief Justice, concurring.

The dissenting opinion contains the following:

> When a prima facie case has been made, the new evidence should be accepted as true if the whole record presents *no good cause to doubt the credibility* of the witnesses whose testimony constitutes the new evidence, either by reason of the facts proven at the trial or at the hearing on the motion or otherwise.... If it is clear that the new evidence is not true or that the new evidence, if true, would not change the result, the motion should be denied; but if it is doubtful as to how it would affect the verdict, the motion should be granted.

(Emphasis added).

The dissent thus recognizes that under Rule 30(b)(6) the trial judge must still judge the witnesses' credibility at a hearing on a motion for a new trial based on a claim of newly discovered evidence. Under the dissent's postulation, someone has to decide whether there is "no good cause" to doubt the credibility of witnesses. Obviously, that someone must be the trial judge. Discretion is necessarily involved in weighing the credibility of a witness, as credibility simply cannot be quantified. Consequently, the decision of whether to grant a new trial must, as always, be reviewed for an abuse of discretion.

Notwithstanding the trial court's discretion, the dissent would nevertheless reverse the judgment and grant a new trial because "the court should have ... accepted the new evidence [from Roosevelt Owens] as true." Apparently, the dissent would substitute our judgment for that of the trial court, an approach that has always been and will always be improper in an appellate review. Roosevelt Owens's credibility is not for us to judge. What we have to determine is whether the trial court abused its discretion in not accepting Owens's testimony as true.

Why the trial court had to accept Owens's testimony as true remains a mystery to me. The victim positively identified Appellant as the March 3 burglar at the trial. Apparently, the victim's testimony counts for nothing.

Moreover, even the dissent would allow the court to deny a new trial if newly discovered evidence is cumulative of the evidence presented at the trial. As the dissent notes, the jury had already heard Owens's claim that Appellant did not commit the March 3 burglary: "Roosevelt Owens testified at the jury trial that Appellant did not commit the burglary.... At the posttrial hearing, Owens reiterated that Appellant did not take part in the burglary." Yet, for a reason unexplained by the dissent, the trial court had to grant a new trial based on Owens's cummulative testimony.

Finally, although recognizing that a trial court can deny a new trial if the newly discovered evidence would not change the result, the dissent would require a new trial based on Owens's testimony, which the jury had already rejected.

VANCE, Justice, dissenting.

Without discussing the 1986 change in the grounds for motions for new trial based on *newly discovered evidence* and citing two cases decided before that change, the majority has affirmed a denial of a motion for new trial which I believe met the revised standard.[1]

Article 40.03 of the Code of Criminal Procedure, as it existed prior to 1985, provided in part:

---

1. Other postrule cases which have not discussed the change are: *Wilson v. State,* 786 S.W.2d 74 (Tex.App.—El Paso 1990, no pet.); *Tate v. State,* 762 S.W.2d 245 (Tex.App.—Houston [1st Dist.], no pet.); *Chambers v. State,* 755 S.W.2d 907 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Cevallos v. State,* 755 S.W.2d 901 (Tex.App.—San Antonio 1988, no pet.); *Balderas Cortez v. State,* 735 S.W.2d 294 (Tex.App.—Dallas 1987, no pet.). Each of these cases cites the rule but relies on prerule cases citing the "material" test. No case has been found where the Court of Criminal Appeals has reviewed the changed rule on discretionary review.

New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:

(6) Where new evidence *material* to the defendant has been discovered since the trial. A motion for new trial on this ground shall be governed by the rules which regulate civil suits;....

Tex.Code Crim.Proc.Ann. art. 40.03(6) (emphasis added).

Texas Rule of Appellate Procedure 30, which replaced article 40.03, now states, in part:

(b) Grounds. A new trial shall be granted an accused for the following reasons:

(6) Where new evidence *favorable* to the accused has been discovered since trial;

Tex.R.App.P. 30(b)(6) (emphasis added).

Under the code provision the trial judge determined if the defendant made a prima facie case for a new trial. *Henson v. State*, 150 Tex.Crim. 344, 200 S.W.2d 1007, 1013–15 (Tex.Crim.App.1947). If so, the judge determined the credibility of the new evidence. *Id.* A new trial was to be granted unless the new evidence was "not probably true" or a different result would "not probably be reached on another trial." *Id.* The state carried the burden of showing that a different result would not probably be reached and all doubts were to be resolved in favor of the defendant. *Id.*

Over time, however, the distinction between the prima facie test and the credibility issue became blurred and the trial judge's sole determination of credibility often ended the inquiry. *E.g., Wilson v. State*, 786 S.W.2d 74 (Tex.App.—El Paso 1990, no pet.); *Houston v. State*, 667 S.W.2d 157 (Tex.App.—Houston [14th Dist.] 1982, no pet).

Information from the committee which recommended the appellate rules to the Court of Criminal Appeals shows that a conscious decision was made to change the word *"material"* to *"favorable."* Three reasons for the change are apparent. First, to reconcile the two lines of authority which had developed from *Henson* in the decisions of the Court of Criminal Appeals as evidenced by a comparison of the four-element prima facie test in *Carlisle v. State* and its predecessors with the four-element test of *Eddlemon v. State* and its predecessors, wherein the "not probably true" standard for evaluating the new evidence had crept into the test for determining whether a prima facie case had been made. *See Henson*, 200 S.W.2d at 1013–15; *Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Crim.App.1979); *Carlisle v. State*, 549 S.W.2d 698, 704 (Tex.Crim.App.1977). Second, to corral the trial judge's unbridled discretion to reject the new evidence as not being credible, so that the court does not "weigh the testimony and pronounce for the jury in advance" because "it is clear that the impulse behind the *Henson* Court's burden shifting was the notion that the trial court ought not to be the arbiter of the weight of the new testimony." *Jones v. State*, 711 S.W.2d 35, 37 n. 3 (Tex.Crim.App.1986). Third, to assure that the convicting jury has heard all of the defendant's favorable, admissible evidence, including that discovered after the trial through no fault of his own from a "witness who was physically and mentally capable of testifying to events that he had personally observed, and whose testimony would have been relevant and material." *Compare Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); *Cruz v. State*, 441 S.W.2d 542 (Tex.Crim. App.1969).

This is not to say that just any favorable, new evidence will result in a new trial. The prerule cases support the proposition that the trial judge should, for purposes of the motion, accept the new evidence as true unless: it is shown that the new witness was not or could not have been in a position to know the facts he purports to know; the new witness is impeached at the hearing by a prior inconsistent statement; the new evidence contradicts either the mass of reliable testimony elicited at trial or almost conclusive physical circumstantial evidence developed at trial or the defendant's own testimony at trial; or the new testimony is internally inconsistent or otherwise inherently suspect. *Jones*, 711 S.W.2d at 37, n. 4. The cases have also consistently held

that public policy will prevent a retrial where the new evidence is merely cumulative, corroborative, collateral or impeaching. *Jones*, 711 S.W.2d at 37; *Spencer v. State*, 69 Tex.Crim. 92, 153 S.W. 858, 860 (Tex.Crim.App.1913); *Sambrano v. State*, 754 S.W.2d 768, 770 (Tex.Civ.App.—San Antonio 1988, no pet.). If, based on these considerations, the trial judge determines that the evidence is not probably true, his reasons can be readily reviewed on appeal.

Thus, rule 30 allows a defendant to establish a prima facie case on a motion for new trial based on newly discovered evidence by proof of the following factors:

(1) the newly discovered evidence was unknown or unavailable to the movant at the time of trial;

(2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence;

(3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and

(4) the new evidence is favorable to the accused.

TEX.R.APP.P. 30(b)(6); *Eddlemon*, 591 S.W.2d at 849; *Carlisle*, 549 S.W.2d at 704.

When a prima facie case has been made, the new evidence should be accepted as true if the whole record presents no good cause to doubt the credibility of the witnesses whose testimony constitutes the new evidence, either by reason of the facts proven at the trial or at the hearing on the motion or otherwise. *Jones*, 711 S.W.2d at 37 n. 4. If it is clear that the new evidence is not true or that the new evidence, if true, would not change the result, the motion should be denied; but if it is doubtful as to how it would affect the verdict, the motion should be granted. *Jones*, 711 S.W.2d at 37 n. 3. If the trial judge follows this procedure, the defendant will have the benefit of any reasonable doubt and the judge's discretion in granting or denying the motion will be appropriately preserved for appellate review. *Henson*, 200 S.W.2d at 1013–15; *Jones*, 711 S.W.2d at 36.

Roosevelt Owens testified at the jury trial that Appellant did not commit the burglary, but invoked his Fifth Amendment rights and would not testify further. At the posttrial hearing, Owens reiterated that Appellant did not take part in the burglary, then admitted his own part in the burglary, saying that he drove the car, naming the two other individuals who participated in the burglary, and giving details about the location of the house, its description and other facts about the burglary consistent with the mass of reliable trial testimony.

The new evidence that Owens, Randy Lynn and Richard McKnight, not Appellant, committed the burglary was admissible. Owens's testimony at the posttrial hearing was cumulative only to the extent that he testified again that Appellant did not commit the burglary. Beyond that, his testimony about the participants and events was direct, consistent with the evidence adduced at trial, adverse to his own penal interest, and favorable to Appellant.

I believe that the court should have, for purposes of the motion for new trial, accepted the new evidence as true and, failing to do so, abused its discretion in not granting a new trial. See TEX.R.APP.P. 30(b)(6).