Alford v. State 







NO. 10-90-097-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          WINNIFRED DOUGLAS ALFORD,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 249th Judicial District Court
Johnson County, Texas
Trial Court # 27108

* * * * * * * * * * * * *

DISSENTING OPINION

* * * * * * *

          Without discussing the 1986 change in the grounds for motions for new trial based on
newly discovered evidence and citing two cases decided before that change, the majority has
affirmed a denial of a motion for new trial which I believe met the revised standard.



          Article 40.03 of the Code of Criminal Procedure, as it existed prior to 1985, provided in
part: 
New trials, in cases of felony, shall be granted the defendant for the following causes, and
for no other:
(6) Where new evidence material to the defendant has been discovered since the
trial. A motion for new trial on this ground shall be governed by the rules which regulate
civil suits; . . . .

Tex. Code Crim. Proc. Ann. art. 40.03(6) (emphasis added).
          Texas Rule of Appellate Procedure 30, which replaced article 40.03, now states, in part:
(b) Grounds. A new trial shall be granted an accused for the following reasons:
(6) Where new evidence favorable to the accused has been discovered since trial;

Tex. R. App. P. 30(b)(6) (emphasis added).
          Under the code provision the trial judge determined if the defendant made a prima facie
case for a new trial. Henson v. State, 200 S.W.2d 1007, 1013-15 (Tex. Crim. App. 1947). If so,
the judge determined the credibility of the new evidence. Id. A new trial was to be granted unless
the new evidence was "not probably true" or a different result would "not probably be reached on
another trial." Id. The state carried the burden of showing that a different result would not
probably be reached and all doubts were to be resolved in favor of the defendant. Id.
          Over time, however, the distinction between the prima facie test and the credibility issue
became blurred and the trial judge's sole determination of credibility often ended the inquiry. 
E.g., Wilson v. State, 786 S.W.2d 74 (Tex. App.--El Paso 1990, no pet.); Houston v. State, 667
S.W.2d 157 (Tex. App.--Houston [14th Dist.] 1982, no pet).
          Information from the committee which recommended the appellate rules to the Court of
Criminal Appeals shows that a conscious decision was made to change the word "material" to
"favorable." Three reasons for the change are apparent. First, to reconcile the two lines of
authority which had developed from Henson in the decisions of the Court of Criminal Appeals as
evidenced by a comparison of the four-element prima facie test in Carlisle v. State and its
predecessors with the four-element test of Eddlemon v. State and its predecessors, wherein the
"not probably true" standard for evaluating the new evidence had crept into the test for
determining whether a prima facie case had been made. See Henson, 200 S.W.2d at 1013-15;
Eddlemon v. State, 591 S.W.2d 847, 849 (Tex. Crim. App. 1979); Carlisle v. State, 549 S.W.2d
698, 704 (Tex. Crim. App. 1977). Second, to corral the trial judge's unbridled discretion to reject
the new evidence as not being credible, so that the court does not "weigh the testimony and
pronounce for the jury in advance" because "it is clear that the impulse behind the Henson Court's
burden shifting was the notion that the trial court ought not to be the arbiter of the weight of the
new testimony." Jones v. State, 711 S.W.2d 35, 37 n.3 (Tex. Crim. App. 1986). Third, to assure
that the convicting jury has heard all of the defendant's favorable, admissible evidence, including
that discovered after the trial through no fault of his own from a "witness who was physically and
mentally capable of testifying to events that he had personally observed, and whose testimony
would have been relevant and material." Compare Washington v. Texas, 388 U.S. 14, 87 S.Ct.
1920 (1967); Cruz v. State, 441 S.W.2d 542 (Tex. Crim. App. 1969).
          This is not to say that just any favorable, new evidence will result in a new trial. The
prerule cases support the proposition that the trial judge should, for purposes of the motion, accept
the new evidence as true unless: it is shown that the new witness was not or could not have been
in a position to know the facts he purports to know; the new witness is impeached at the hearing
by a prior inconsistent statement; the new evidence contradicts either the mass of reliable
testimony elicited at trial or almost conclusive physical circumstantial evidence developed at trial
or the defendant's own testimony at trial; or the new testimony is internally inconsistent or
otherwise inherently suspect. Jones, 711 S.W.2d at 37, n.4. The cases have also consistently held
that public policy will prevent a retrial where the new evidence is merely cumulative,
corroborative, collateral or impeaching. Jones, 711 S.W.2d at 37; Spencer v. State, 123 S.W.
858, 860 (Tex. Crim. App. 1913); Sambrano v. State, 754 S.W.2d 768, 770 (Tex. Civ. App.--San
Antonio 1988, no pet.). If, based on these considerations, the trial judge determines that the
evidence is not probably true, his reasons can be readily reviewed on appeal.
           Thus, rule 30 allows a defendant to establish a prima facie case on a motion for new trial
based on newly discovered evidence by proof of the following factors:
(1) the newly discovered evidence was unknown or unavailable to the movant at the time
of trial;
(2) the movant's failure to discover or obtain the evidence was not due to a lack of
diligence;
(3) the new evidence is admissible and is not merely cumulative, corroborative, collateral,
or impeaching; and
(4) the new evidence is favorable to the accused.
Tex. R. App. P. 30(b)(6); Eddlemon, 591 S.W.2d at 849; Carlisle, 549 S.W.2d at 704.
          When a prima facie case has been made, the new evidence should be accepted as true if the
whole record presents no good cause to doubt the credibility of the witnesses whose testimony
constitutes the new evidence, either by reason of the facts proven at the trial or at the hearing on
the motion or otherwise. Jones, 711 S.W.2d at 37 n.4. If it is clear that the new evidence is not
true or that the new evidence, if true, would not change the result, the motion should be denied;
but if it is doubtful as to how it would affect the verdict, the motion should be granted. Jones, 711
S.W.2d at 37 n.3. If the trial judge follows this procedure, the defendant will have the benefit of
any reasonable doubt and the judge's discretion in granting or denying the motion will be
appropriately preserved for appellate review. Henson, 200 S.W.2d at 1013-15; Jones, 711
S.W.2d at 36.
          Roosevelt Owens testified at the jury trial that Appellant did not commit the burglary, but
invoked his Fifth Amendment rights and would not testify further. At the posttrial hearing, Owens
reiterated that Appellant did not take part in the burglary, then admitted his own part in the
burglary, saying that he drove the car, naming the two other individuals who participated in the
burglary, and giving details about the location of the house, its description and other facts about
the burglary consistent with the mass of reliable trial testimony.
           The new evidence that Owens, Randy Lynn and Richard McKnight, not Appellant,
committed the burglary was admissible. Owens's testimony at the posttrial hearing was
cumulative only to the extent that he testified again that Appellant did not commit the burglary. 
Beyond that, his testimony about the participants and events was direct, consistent with the
evidence adduced at trial, adverse to his own penal interest, and favorable to Appellant.
          I believe that the court should have, for purposes of the motion for new trial, accepted the
new evidence as true and, failing to do so, abused its discretion in not granting a new trial. See
Tex. R. App. P. 30(b)(6).
 
                                                                                 BILL VANCE
                                                                                 Justice

Opinion delivered and filed March 28, 1991 
Publish