CR5-255 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00255-CR







Jose Alejandro Davila, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 94-144-K277, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING







PER CURIAM




 Jose Alejandro Davila appeals from his conviction for aggravated possession of
marihuana. Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1996). After a bench trial,
the court sentenced him to sixty years' confinement in the Texas Department of
Corrections--Institutional Division and ordered him to pay a $10,000.00 fine. Appellant brings
three points of error, contending that his conviction should be reversed for ineffective assistance
of counsel because: (1) counsel had an actual conflict of interest when he represented appellant
and a co-defendant; (2) counsel improperly advised him to testify at the punishment phase, thus
waiving his right to appeal from the trial-court ruling on the motion to suppress; and (3) counsel
filed a motion for new trial but failed to verify the motion. We will affirm the trial-court
judgment.

Factual Background


 Department of Public Safety Troopers Lovelace and King stopped a motor home
traveling north on IH-35 for unlawfully crossing a yellow line and for failing to have mud flaps. 
Appellant was a passenger in the vehicle. After stopping the vehicle, checking the driver's license
of the vehicle's driver and the rental agreement, the troopers became suspicious at what they
perceived to be an unusual level of nervousness and at discrepancies in the two men's descriptions
of their relationship ("cousin" versus "friend"). Officer Lovelace asked for permission to search
the vehicle, which the driver gave. The driver's name was on the rental agreement; appellant's
was not, either as a lessee or authorized driver. While searching the vehicle, the troopers found
nine bundles of marihuana.

 The troopers arrested the driver and appellant and gave them Miranda warnings. 
Later, appellant signed a statement admitting his knowing participation in transporting the
marihuana. At trial, he stipulated that his fingerprints were on four of the nine bales of
marihuana. He also stipulated that the marihuana weighed 382.5 pounds. Most of the trial
centered around the propriety of the search.

Ineffective Assistance


 In presenting an ineffective assistance of counsel claim, an appellant must show: 
(1) trial counsel's performance was deficient to the extent that he failed to function as the
"counsel" guaranteed by the Sixth Amendment and (2) but for trial counsel's alleged
unprofessional errors, there is a reasonable probability that the result of the trial would have been
different. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986) (adopting Strickland test for state constitutional claims); Keiser v.
State, 880 S.W.2d 222, 224 (Tex. App.--Austin 1994, pet. ref'd).

 The appellate court scrutinizes trial counsel's performance deferentially, and every
effort must be made to eliminate the distorting effect of hindsight. Strickland at 689. A strong
presumption exists in favor of counsel's conduct, and a defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial strategy.
Strickland at 689; Keiser, 880 S.W.2d at 224. That another attorney might have pursued a
different strategy will not support a finding of ineffective assistance.

 Appellant has the burden of proving, by a preponderance of the evidence, that his
counsel was ineffective. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). The
record must contain evidence that rebuts the presumption of proper conduct on the part of defense
counsel. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 



Based on Multiple Representation

 The Court of Criminal Appeals frequently has found ineffective assistance when
the same attorney represented multiple defendants. James v. State, 763 S.W.2d 776, 778 (Tex.
Crim. App. 1989). However, such multiple representation does not per se violate the Sixth
Amendment. Holloway v. Arkansas, 435 U.S. 475 (1978). When the claim of ineffective
assistance involves an issue of joint representation and the defendant did not object at trial to joint
representation, he must show some actual and not merely speculative conflict of interest. James,
763 S.W.2d at 778-79; Wilson v. State, 786 S.W.2d 74, 76 (Tex. App.--El Paso 1990, no pet.). 
The lack of a joint trial tends to reduce the potential for divergent interests among multiple
defendants. Calloway v. State, 699 S.W.2d 824, 830 (Tex. Crim. App. 1985); Wilson, 786
S.W.2d at 76.

 In this cause, appellant did not object to multiple representation at trial. In his
brief, he argues that the trial court reasonably should have known about the conflict and therefore
should have initiated an inquiry, alleviating appellant from the necessity of demonstrating an
actual conflict. Cuyler v. Sullivan, 446 U.S. 335, 347 (1980)(unless trial court knows or
reasonably should know that a particular conflict exists, the court need not initiate an inquiry; in
the absence of a trial objection, the defendant must demonstrate that an actual conflict of interest
adversely affected his lawyer's performance.)

 The record does not show that the trial court reasonably should have known of the
existence of a potential conflict. Appellant was not tried jointly with the vehicle's driver. A
review of the statement of facts shows references to a "co"-defendant, but does not suggest to the
trial court that appellant's counsel represented the other defendant. The transcript in this cause
contains documents from State v. Gonzalez, 94-143-K277, the cause involving the driver. 
Nothing in the record shows these documents were ever presented to the trial court in connection
with appellant's cause, much less in any way admitted into evidence or otherwise properly made
part of the appellate record. Shields v. State, 820 S.W.2d 831, 833-34 (Tex. App.--Waco 1991,
no pet.). Including a document in the transcript does not make it part of the "record on appeal." 
Id. Appellant cannot rely on the trial court's failure to make an inquiry as excusing him from
demonstrating an actual conflict.

 Neither does appellant demonstrate any actual conflict. First, he was not tried
jointly with the driver. Second, the major issue at trial was the propriety of the stop and
subsequent search. Appellant offers no theory as to how his and the driver's interests were
adverse with regard to the stop and search. For example, the driver and appellant both had an
interest in claiming that the consent was invalid. In his brief on appeal, he asserts a rather vague
argument that he could have plea-bargained had counsel not represented the co-defendant. In view
of the fact that appellant signed a written statement confessing to his knowing participation in
transporting the marihuana for money and that his fingerprints were on several of the bales of
marihuana, it is doubtful that he was in much of a position to bargain. Appellant offers nothing
to show that he had anything valuable to offer in connection with prosecuting the driver. We
overrule appellant's first point of error. 

Based on the Decision to Testify at Punishment

 In point of error two, appellant contends that he was denied effective assistance of
counsel because counsel improperly advised him to testify at the punishment phase, thus waiving
his right to appeal from the trial court's ruling on the motion to suppress. Appellant is correct
that when a defendant judicially confesses to the commission of the charged offense during the
punishment phase of trial, he waives any error that might have occurred during the guilt-innocence
stage of the trial. See McGlothlin v. State, 896 S.W.2d 183, 186 (Tex. Crim. App. 1995). Of
course, in evaluating counsel's performance, we presume that the challenged action might have
been sound trial strategy. Strickland, 466 U.S. at 689.

 A review of appellant's testimony at the punishment stage shows that he testified
that he had never been arrested before but only had had traffic tickets. He testified that the driver
of the vehicle was a long-time family acquaintance, that the driver told him about the marihuana
and told him that he would pay him something to "help [appellant's family] with the bills,"
although they did not settle on a specific amount. He specifically asked the court to consider his
testimony in mitigation of the sentence and asked for leniency.

 From the testimony given above, it appears that counsel was pursuing a trial
strategy of asking for leniency based on appellant's lack of a prior record. Given that the driver
consented to the search and given the deferential standard of review of a motion to suppress, we
cannot say that appellant's counsel was not pursuing a sound trial strategy in trying to mitigate
the punishment. Appellant has not demonstrated that counsel failed to render reasonably effective
assistance at the punishment stage. See Ex parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App.
1991) (test for effectiveness of counsel at punishment stage). We overrule appellant's second
point of error.

Based on the Motion for New Trial

 In his third point of error, appellant contends that counsel who represented him
after trial but before current appellate counsel was ineffective in that he did not verify the motion
for new trial, thus depriving appellant of a hearing.

 The motion for new trial gave two different reasons for a new trial based on
ineffective assistance of counsel. It raised no other issues. The Court of Criminal Appeals has
suggested that a motion for new trial is not a very practical mechanism for developing a record
to evaluate a claim of ineffective assistance of counsel. Jackson, 877 S.W.2d at 772 n.3. That
record is better developed through a hearing held on an application for writ of habeas corpus. Id. 
Even if the failure to verify the motion was deficient, appellant has not demonstrated that the
outcome of the court's ruling would have been different, i.e., that had he been granted a hearing,
he would have secured a new trial. See Prendez v. State, 786 S.W.2d 99, 101 (Tex. App.--San
Antonio 1990, no pet.). Further, we cannot say that had counsel continued to represent appellant,
he would not have filed an application for writ of habeas corpus. We overrule appellant's third
point of error.

 Having overruled all points of error, we affirm the judgment of conviction.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 1, 1996

Do Not Publish



 with regard to the stop and search. For example, the driver and appellant both had an
interest in claiming that the consent was invalid. In his brief on appeal, he asserts a rather vague
argument that he could have plea-bargained had counsel not represented the co-defendant. In view
of the fact that appellant signed a written statement confessing to his knowing participation in
transporting the marihuana for money and that his fingerprints were on several of the bales of
marihuana, it is doubtful that he was in much of a position to bargain. Appellant offers nothing
to show that he had anything valuable to offer in connection with prosecuting the driver. We
overrule appellant's first point of error.