Joseph Frederick **MERIWETHER**, Appellant,

v.

The **STATE of Texas**, Appellee.

No. 09–90–115 CR.

Court of Appeals of Texas, Beaumont.

Oct. 28, 1992.

Rehearing Denied Nov. 19, 1992.

**960**

John D. MacDonald, II, New Caney, for appellant.

Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted appellant of unauthorized use of a motor vehicle. He pleaded "true" to the enhancement paragraphs of the indictment. The trial court assessed punishment at sixty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant previously appealed to this court, the appeal was abated and the case remanded for the trial court to conduct a hearing on appellant's motion for new trial, 814 S.W.2d 557. The trial court conducted the hearing, overruled the motion and made findings of fact and conclusions of law.

■ Appellant brings five points of error. The first point alleges reversible error because the trial court issued and filed findings of fact and conclusions of law. Why the trial court issued these is unknown. There is no provision in the Texas Code of Criminal Procedure or the Rules of Appellate Procedure dealing with the issue. TEX.R.APP.P. 31(e)(2) states: "The judge shall not sum up, discuss or comment on the evidence in the case. The judge shall grant or refuse the motion for new trial." Case law under the prior provision (Tex. Code Crim.Proc.Ann. art. 40.07) (repealed) held that while oral comments on the motions for new trial, see *Mims v. State*, 378 S.W.2d 318, 320 (Tex.Crim.App.1964); *Rocha v. State*, 43 Tex.Crim. 169, 63 S.W. 1018 (1901) and *Baker v. State*, 625 S.W.2d 840 (Tex.App.—Amarillo 1981, no pet.), or filing of conclusions of law, see *Whitmore v. State*, 570 S.W.2d 889 (Tex.Crim.App. 1976) (opinion on original submission) was error, neither was reversible error without a showing of harm. Appellant claims harm by stating: "These findings are sure to have an impact on the Court of Appeals that the defendant cannot counter. This error is of such magnitude that it disrupts the orderly evaluation of the record." This is simply an incorrect assumption. In this case, as in all cases, we evaluate only those portions of the record that are properly before us. As a trial judge disregards inadmissible evidence, we disregard improper or inappropriate matters within the record. The filing of the findings of fact and conclusions of law was error. Since they have not been considered by us, it is not reversible error. Point of error number one is overruled.

■ The fourth point of error urges the trial court erred in refusing to consider an amended motion for new trial filed on September 12, 1991. Appellant was sentenced on May 18, 1990. Under TEX.R.APP.P. 31(a)(2), the amended motion for new trial could have been filed, without leave of court, on or before June 17, 1990. However, the original motion for new trial was overruled by the trial court, without a hearing, on June 4, 1990, or 17 days into the 30

day period. Since this court held, on August 28, 1991, that it was error to overrule the motion without a hearing, this had the effect of tolling the thirty day period and allowing 13 days from August 28, 1991, for an amended motion for new trial to be filed. This extended the time until September 10, 1991. Therefore, the amended motion was filed outside the allowable period. Since the trial court did not grant leave to file the amended motion, he was not obligated to consider it. *See Kiser v. State,* 788 S.W.2d 909, 915 (Tex.App.—Dallas 1990, pet. ref'd). This point is overruled.

The main thrust of appellant's appeal is contained in points of error two and three. Point of error two correctly identifies the standard of review when it states: "The trial court abused its discretion when it refused to grant the appellant a new trial after learning that a witness recanted her testimony." Point of error three states: "The trial court committed reversible error when it refused to grant the appellant a new trial based upon newly discovered evidence." We will consider both points together.

The controverted issue at trial was whether appellant had received the complainant's permission to use her vehicle. The complainant testified that while she did give appellant permission to drive from one tavern to another, she did not give him permission to take the vehicle from the last establishment. Appellant testified he had the complainant's permission to leave the establishment and it was his intention to go purchase some package liquor and return. Directly bearing on that issue was the state of intoxication of both appellant and complainant. The amount of alcohol purchased and consumed that evening is a relevant factor. At trial the complainant testified she drank no more than three cans of beer the entire evening, but had taken prescription medication the same day or evening. The complainant denied being intoxicated. A barmaid testified that appellant and complainant purchased at least

three or four pitchers of beer while at her establishment. Appellant testified about the pitchers of beer being bought and consumed. The complainant denied ordering any pitchers of beer. The complainant's daughter testified she was at the club with her mother and appellant for about 30 minutes, but did not recall her mother buying any beer nor seeing any pitchers of beer that night.

At the hearing on the motion for new trial, the complainant's daughter[1] testified her mother was "well on her way" to becoming intoxicated when she first saw her that evening and was intoxicated when she picked her up at the last establishment to take her to the police station. The daughter testified she told her mother what to say to the police and that it was she, not her mother, who wrote out her mother's statement for the police. The daughter's ex-husband testified he went with his ex-wife to pick up the complainant and transport her to the police department. He testified that the complainant was intoxicated and verified his ex-wife's version of how the statement was given to the police. He testified he heard his ex-wife tell her mother that if she "said she had gave [sic] the keys to the officer [sic], the officer would not take a car theft" and that his ex-wife suggested to her mother that she tell the officer that appellant took the keys. He further testified the complainant was unsure whether appellant took the car keys or not and whether she gave appellant permission to take the vehicle.

Tex.R.App.P. 30(b)(6) states: "A new trial shall be granted an accused for the following reasons: Where new evidence favorable to the accused has been discovered since trial." Its predecessor, Tex.Code Crim.Proc.Ann. art. 40.03 (repealed) provided in part: "New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other: (6) Where new evidence material to the defendant has been discovered since the trial." The rule appears to be fairly straightforward, per-

---

1. The daughter had since married appellant by proxy.

haps to the point of simplistic, and is different from the old code provision. The difference between the two is significant. The rule only requires that the new evidence be favorable to the defendant while the code required the evidence be material to the defendant. Moreover, judicial construction of the code provision had enlarged it and rendered it more complex. Consequently, under the code, to prevail on a motion for new trial based upon newly discovered evidence an appellant must show that: (1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the failure to discover the evidence was not due to a want of diligence; (3) the materiality of the evidence was such as would probably bring about a different result in another trial; and (4) the evidence was competent and not merely cumulative, corroborative, collateral or impeaching. *Carlisle v. State*, 549 S.W.2d 698 (Tex.Crim.App.1977), *Long v. State*, 739 S.W.2d 98 (Tex.App.—Beaumont 1987), *appellant's pet. granted*, 820 S.W.2d 888 (1991).

There have been no court of criminal appeals cases construing the new rule. Although numerous courts of appeals have decided cases under the new rule, only one has discussed the difference between the rule and the code.[2] The Waco court in *Alford v. State*, 807 S.W.2d 840 (Tex. App.—Waco 1991, no pet.) divided on its analysis. Justice Cummings applied the pre-rule analysis of *Eddlemon v. State*, 591 S.W.2d 847 (Tex.Crim.App.1979) in holding the newly discovered evidence was cumulative and inconsistent with prior trial testimony. While Chief Justice Thomas, in his concurrence, took issue with the dissent, he did not take issue with the major premise. Justice Vance, as a dissenter, discussed the 1986 change from the code to the rule and described it as a "revised standard", *Alford*, 807 S.W.2d at 842. Justice Vance's discussion and analysis is quite persuasive. However, even Justice Vance's analysis is somewhat flawed under more recent case law.[3] Justice Vance relies, in part, upon footnotes from a pre-rule case, *Jones v. State*, 711 S.W.2d 35 (Tex.Crim.App.1986). *Alford*, 807 S.W.2d at 843–844. However, in *Young v. State*, 826 S.W.2d 141, 144 (Tex.Crim.App.1991) the court, in discussing whether a statement in a footnote was a holding of the court or dictum, stated, in a footnote: "As is generally true with footnotes, we regard this footnote [Footnote 6A in *Tompkins v. State*, 774 S.W.2d 195 (Tex.Crim.App.1987), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989)] as dictum...." Thus it seems our highest criminal court seems to regard footnotes as dictum.[4] Consequently, we must utilize the revised standard established by the rule and used by Justice Vance, but without his pre-rule analysis.

■■■ To paraphrase the revised standard of Rule 30(b)(6), an accused *shall*[5] be granted a new trial when new evidence favorable to the accused has been discovered. (emphasis added). This has only two prongs: (1) the evidence must be newly discovered[6] and (2) it must be favorable to the accused.[7] In this case, the first prong has been amply satisfied. Appellant's trial counsel testified that while he knew the

---

**2.** *Dedesma v. State*, 806 S.W.2d 928 (Tex.App.—Corpus Christi 1991, pet. ref'd) and *Tate v. State*, 834 S.W.2d 566 (Tex.App.—Houston [1st Dist.] 1992, no pet.) should be added to the cases cited in footnote one of *Alford, infra.*

**3.** In this context the same must be said for this court. *See Long*, 739 S.W.2d at 110.

**4.** It is ironic that we cannot say the court held footnotes are dictum because the very comment is contained within a footnote. *See*, George Dix,

*A Plea for Clarity*, TEX.LAW., October 12, 1992, at 10.

**5.** We will not belabor the reader with an elongated discussion of the significance of "shall" versus "may".

**6.** Being unknown to the accused and showing no lack of diligence are but subsets of this prong.

**7.** Being not merely cumulative, corroborative, collateral, or impeaching are simply factors in determining whether the evidence is favorable.

complainant's daughter was to be a state's witness, he did not know of the body of evidence until after the trial on punishment. Furthermore, the lawyer testified he had read the prosecutor's file and had no reason to believe the complainant's daughter would have any evidence favorable to the accused. In any event, there was no evidence to show the lawyer knew or should have known of the existence of, much less have expected, that the testimony of the ex-son-in-law would contradict the complainant. The second prong is the heart of the matter. Although the testimony of both the complainant's daughter and ex-son-in-law is cumulative and corroborative of appellant's testimony, it may nevertheless warrant a new trial since it is cumulative or corroborative of an interested witness. *See Carlisle*, 549 S.W.2d at 705; *Long*, 739 S.W.2d at 110. "[T]he truth is more likely to be arrived at by hearing the testimony of all persons of competent understanding who may seem to have knowledge of the facts involved in a case, leaving the credit and weight of such testimony to be determined by the jury...." *Rosen v. United States*, 245 U.S. 467, 471, 38 S.Ct. 148, 150, 62 L.Ed. 406, 409 (1918).

Appellant met his burden under the revised standard of rule 30(b)(6). The court below abused its discretion in refusing to grant a new trial.[8] Having sustained points of error two and three, we need not address point of error five. The judgment of the trial court is reversed and the cause remanded for a new trial.

**REVERSED AND REMANDED.**

---

8. It is obvious the trial judge made his decision based upon the case law interpreting the code provision. We offer no opinion on whether there was an abuse of discretion under that provision and case law interpreting it, but it is certainly a more difficult analysis.