TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00250-CR







Dwayne Lee Wood, a/k/a Mickey, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 92-658-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 After finding appellant guilty of aggravated sexual assault of a child, and indecency
with a child, Act of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275,
amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80
(Tex. Penal Code Ann. § 22.021, since amended), the jury assessed punishment at confinement
for fifty-five years and ten years probated, respectively. In six points of error, appellant contends
the trial court erred in: (1) denying appellant's motion for instructed verdict because the evidence
was legally insufficient; (2) entering judgment on the jury's verdict because the evidence was
factually insufficient; (3) admitting the testimony of an incompetent witness; (4) allowing the State
to cross-examine appellant about an extraneous offense; (5) disallowing evidence that charges
against appellant arising from the extraneous offense had been dismissed and; (6) denying
appellant's motion for new trial. We will overrule appellant's points of error and affirm the
judgment of the trial court.

 It is undisputed that the three-year-old victim had been sexually abused. 
Appellant's challenge to the legal and factual sufficiency of the evidence is based on the alleged
insufficiency of the evidence to prove that appellant was the offender. In reviewing the legal
sufficiency of the evidence, we must determine whether, viewing the evidence in the light most
favorable to the conviction, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979);
Casillas v. State, 733 S.W.2d 158, 160 (Tex. Crim. App. 1986), appeal dismissed, 484 U.S. 918
(1987).

 The victim's mother, Mona Hanson, testified that she took the victim to the
emergency room of the hospital in Round Rock in May 1992 after the victim started having
seizures. Dr. Paula Price testified that in the course of conducting a complete physical
examination of the victim, she found indication of sexual abuse. The victim told Dr. Price that
Mickey did it. The medical records of Dr. Beth Nauert, a specialist in sexual abuse of children,
reflected the results of her examination of the victim on May 27, 1992. Dr. Nauert's findings
were consistent with the victim's history of prior vaginal and rectal penetration. Dr. Nauert's
records further showed an interview in which the victim told her that "Mickey touched my private
and my butt. Mickey was our friend. He is a big boy. I was getting dressed. He touched me
with his peanut. He pulled my panties off. He had nothing on."

 Hanson testified that on the way home from the initial visit with Dr. Price, the
victim told her that "Mickey stuck his peanut in me." Hanson stated that appellant was the only
person living in the home she and several other people occupied who was known by the name
"Mickey." Hanson paid appellant "about $50 or $100 every two weeks" along with the privilege
of staying in the house to baby-sit her three small children. 

 The victim, age four at the time of trial, testified that Mickey was a mean person
who used to live at her house. Using anatomically correct dolls representing the victim and
Mickey, the victim was asked where Mickey placed the crayon on the girl doll. The trial court
directed that the record reflect that the victim pointed to the vagina and the rectum. In response
to a question as to whether the Mickey doll placed anything else on the girl doll (identified by the
name of the victim), the victim answered "where he goes tee-tee." After the victim had answered
further questions regarding events that had occurred, the trial court ordered that the record reflect
that the child put the Mickey doll's penis on the girl doll's vagina. The victim stated that Mickey
"is here today" and that "He's in that room." The victim's testimony further showed that the
Mickey doll took off his clothes and that the two dolls got in the bathtub together.

 Appellant testified that he baby-sat the children and bathed the victim, but he denied
that he ever touched the victim as charged. Appellant points to the considerable difficulty the
prosecutor had in getting the victim to answer his questions; that before the State was able to get
the desired answers to its questions, it resorted to leading the victim into making statements
prejudicial to appellant. Appellant notes that a large number of people lived in the five-room
house, and that the victim admitted under cross-examination that she had told people that "Rick"
did this to me. Appellant testified that a person named Rick had lived in the house until shortly
before his own arrival.

 Appellant's attack on the sufficiency of the evidence is directed to the weakness of
the victim's testimony, the difficulty in getting the victim to answer questions, and the victim's
conflicting testimony about the person who had assaulted her. The jury may accept portions of
the testimony of a witness and reject other portions. Losada v. State, 721 S.W.2d 305, 309 (Tex.
Crim. App. 1986). When there are conflicts in the evidence, we must defer to the factfinder's
resolution. See Farris v. State, 819 S.W.2d 490, 495 (Tex. Crim. App. 1990), cert. denied, 112
S. Ct. 1278 (1992). If there is evidence that establishes guilt beyond a reasonable doubt and the
trier of the fact believes that evidence, we are not in a position to reverse the judgment on
sufficiency of the evidence grounds. Cochran v. State, 874 S.W.2d 769, 771 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd).

 The jury believed the victim when she identified appellant as the person who
exposed himself and the person who "assaulted her." Medical testimony established sexual abuse
of the victim. While there was conflicting evidence as to the identity of the attacker, the jury had
before it the testimony of witnesses who stated that the victim told them that appellant was the one
who violated her person. Viewing the evidence in the light most favorable to the verdict, we hold
that a rational trier of fact could have found that there was sufficient evidence to support the jury's
verdict. The trial court did not err in overruling appellant's motion for instructed verdict. 
Appellant's first point of error is overruled.

 In Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992, pet. ref'd untimely
filed), this Court set forth the following standard for a factual review of the evidence:



[T]he court views all the evidence without the prism of 'in the light most favorable
to the prosecution.' Because the court is not bound to view the evidence in the
light most favorable to the prosecution, it may consider the testimony of defense
witnesses and the existence of alternative hypothesis. The court should set aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.



Id. at 381 (citations omitted).

 After considering and weighing all the evidence pursuant to the dictates of Stone,
we hold that the jury's verdict is not so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Appellant's second point of error is overruled.

 In his third point of error, appellant asserts that the trial court abused its discretion
in admitting the testimony of the four-year-old victim. The standard for reviewing competency
is generally a question for the trial court, and its ruling will not be disturbed on appeal absent a
showing of abuse of discretion. Watson v. State, 596 S.W.2d 867, 871 (Tex. Crim. App. 1987). 
On appeal, this Court must review the entire testimony of the child witness in addition to the
preliminary competency examination. Clark v. State, 558 S.W.2d 887, 890 (Tex. Crim. App.
1977). The child need not understand the obligation of the oath; the trial court must simply
impress on her the duty of being truthful. Dufrene v. State, 853 S.W.2d 86, 88 (Tex.
App.--Houston [14th Dist.] 1993, pet. ref'd).

 Appellant directs our attention to the victim's nonresponsive answers, the inability
of defense counsel to conduct meaningful cross-examination of the victim, and the prosecutor's
need to propound leading questions to the victim during the essential portion of her testimony. 
In support of his position, appellant relies on Texas Rule of Criminal Evidence 601, which states:



(a) Every person is competent to be a witness except as otherwise provided in
these rules. The following witnesses shall be incompetent to testify in any
proceeding subject to these rules:


. . .


 (2) Children. Children or other persons who, after being examined by the
court, appear not to possess sufficient intellect to relate transactions with respect
to which they are interrogated.



Tex. R. Crim. Evid. 601. 

 Three elements must be considered in determining whether a witness is competent
to testify: (1) the competence to observe intelligently the events in question at the time of their
occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate them, which
involves the ability to understand questions asked and to frame intelligent answers and the ability
to understand the moral responsibility to tell the truth. Watson, 596 S.W.2d at 870. 

 When asked what happens to people when they tell a lie, the victim stated, "Their
mama will spank their butt." In addition, the victim stated it was "bad" to tell a lie. The victim
gave her name, age, the month of her birth, the names of her sisters, and when asked if they were
older or younger, the victim responded, "They are big." The victim identified the portion of the
body where she "tee-teed" and related that Mickey touched her there. Under cross examination,
the victim stated her mother's name, the street where she lived and counted through thirteen.

 Appellant correctly points out that many of the victim's answers were not
responsive and that many of her answers were in response to leading questions. The fact that a
child witness made inconsistent statements as to details of the offense or gave much of her
testimony in response to leading questions does not render her testimony incompetent. Clark, 558
S.W.2d at 890. Despite the fact that the victim's testimony contains conflicting and sometimes
confusing answers, our review of her entire testimony shows that she was competent to recollect
and narrate the events in question. See Dufrene, 853 S.W.2d at 89. Appellant's third point of
error is overruled.

 In his fourth point of error, appellant asserts the trial court erred in allowing the
State to cross-examine him regarding an extraneous offense. On direct examination, appellant
testified that his prior problems with the law consisted of an arrest for shoplifting in 1988 or 1989
and a charge of criminal mischief in 1989. In response to defense counsel's question as to
whether there was anything else, appellant responded, "No, sir."

 Under cross-examination by the prosecutor, appellant testified that the "only times
I was ever questioned by a detective or arrested was those two times that I can remember." The
prosecutor then asked, "Isn't it a crime to touch a girl under age--approximately 8 to 9 with your
hand on her butt--in a sexual way to gratify yourself"? Following appellant's objections that the
prosecutor was going into an extraneous offense and asking a question that called for a legal
opinion, a hearing was held outside the presence of the jury.

 In a hearing before the trial court, appellant stated that he was aware that it was
against the law to touch a child on the butt for sexual gratification. Appellant further stated that
he gave Sergeant Linda Bunte of the Williamson County Sheriff's Department a statement in
which he admitted having committed such an act against the victim's sister. Appellant denied that
he had touched the victim's sister in a sexual way; that he gave the statement only after Sergeant
Bunte told him that his conduct constituted an offense despite the fact that he had told her that
there was no malice or sexual gratification in his act. After the trial court overruled appellant's
objections, he testified in the presence of the jury that he gave Sergeant Bunte the following
statement: "I'd like to say that [the victim's sister] is the only child at that house-- that I touched
in a sexual way. The only thing I did to her is brush my hand against her butt." Appellant stated
that he did not understand the statement when he signed it. Sergeant Bunte testified that the words
in the statement were appellant's and that she reduced them to writing. The trial court instructed
the jury that the evidence in question was "admitted only for the purpose of rebutting the
testimony of the [appellant], if it does."

 It has been a long-standing rule that the defendant opens the door to arrests that did
not result in convictions when he testifies on direct examination that he has never been in trouble
with the law on occasions other than those about which he offered direct testimony. See Nelson
v. State, 503 S.W.2d 543, 545 (Tex. Crim. App. 1974) ("In that situation, it was legitimate to
prove that the witness had been in trouble on occasions other than those about which he offered
direct testimony."). The rationale for admission of such evidence under cross-examination is to
remove the false impression of the accused's exemplary conduct. See Muse v. State, 815 S.W.2d
769, 774 (Tex. App.--Waco 1991, no pet.). We perceive no reason why admissible impeachment
evidence should be subjected to the two-part test set forth in Montgomery v. State, 810 S.W.2d
372 (Tex. Crim. App. 1990), to determine admissibility to prove an elemental fact or an
evidentiary fact of consequence. We hold that appellant's testimony on direct examination about
the only times that he had problems with the law opened the door for the prosecutor to cross-examine him about his arrest and interrogation on another matter. Appellant's fourth point of
error is overruled.

 In his fifth point of error, appellant contends that the trial court erred in refusing
to admit evidence that charges brought against him arising from the extraneous offense had been
dismissed. Initially, appellant was charged in a nine-count indictment. One of the counts appears
to have been for an alleged offense against the victim's sister growing out of the extraneous matter
used for impeachment of appellant. The State's motion to dismiss gave as its reason for dismissal
that the case had been refiled. The subsequent three-count indictment only alleged offenses
against the victim in the instant cause and forms the basis of this prosecution. Appellant urges
that the harm in the trial court's action in refusing to admit the order of dismissal aggravated the
harm resulting to him as a result of the admission of the extraneous offense. The impeachment
testimony showed that appellant had been arrested and questioned relative to another offense. No
evidence was introduced that appellant had been charged with an offense growing out of the
alleged conduct. The trial court limited the jury's consideration of such evidence to the issue of
impeachment. Under these circumstances, we find that the proffered evidence did not come
within the definition of relevant evidence. (1) If it be appellant's position that the dismissal order
constituted evidence of an acquittal of any offense growing out of the extraneous conduct, the
dismissal of an indictment does not prevent a grand jury from returning a subsequent indictment
charging the same transaction. See Ex parte Williams, 379 S.W.2d 911, 912 (Tex. Crim. App.
1964). We hold that the trial court did not err in refusing to admit evidence that charges brought
against appellant arising from the extraneous conduct had been dismissed.

 In his sixth point of error, appellant asserts that the trial court erred in denying his
motion for new trial. Appellant urges that evidence presented favorable at the motion for new
trial that was favorable to him that was not discovered until after the trial on its merits. See
Meriwether v. State, 840 S.W.2d 959, 961 (Tex. App.--Beaumont 1992, pet. ref'd). (2)

 Appellant's trial attorney testified that he was approached by Tara Simpson, one
of several persons who lived in the house where the alleged offense occurred, at the conclusion
of the sentencing hearing. Trial counsel testified that this was his first contact with Simpson. 
Simpson testified that the victim told her that Rick McMinnis was the one who used the crayon
on her. Simpson further related that two weeks prior to the hearing on the motion for new trial,
she saw the victim's eight-year-old sister masturbating with a tube of lipstick while the victim and
another sister were "asleep in the bed with her."

 Simpson's testimony about her observations of the older girl's conduct occurred
after the trial on the merits. Thus, this evidence was not in existence at the time of the trial. Nor
does it meet the requirements of relevant evidence. See Tex. R. Crim. Evid. 401. Under cross-examination at the trial on its merits, the victim testified that she told "Judy, my mom, I tell my
Gran-Flossie--I tell Mrs. Germane--I tell you" that "Rick did this." Simpson's testimony
concerning what the victim told her about Rick was before the jury during the course of the trial
in the form of an admission. "If the witness unequivocally admits having made such statement,
extrinsic evidence of same shall not be admitted." Tex. R. Crim. Evid. 612. We hold that the
trial court did not abuse its discretion in overruling appellant's motion for new trial. Appellant's
sixth point of error is overruled.

 The judgment is affirmed.


 

 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis*

Affirmed

Filed: March 15, 1995

Do Not Publish







* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988). 

1. Texas Rules of Criminal Evidence 401 provides:


"Relevant evidence" means evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the
evidence.
2.   Rule 30(b)(6) of the Texas Rules of Appellate Procedure, in effect at the time of Meriwether
and the instant cause, provided: "A new trial shall be granted an accused . . . [w]here new
evidence favorable to the accused has been discovered since trial." 


 After Meriwether, the Legislature withdrew the rulemaking authority granted the Court of
Criminal Appeals under Section 22.108 of the Government Code "relating to granting a new trial
on the grounds of evidence other than material evidence discovered after the trial of an offense." 
Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 11.03, 1993 Tex. Gen. Laws 3586, 3765.


 Article 40.001 of the Texas Code of Criminal Procedure now provides: "A new trial shall
be granted an accused where material evidence favorable to the accused has been discovered since
trial." Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 1995).