TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00460-CR







Don Louis Woods, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 407598, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







PER CURIAM


 The county court at law found appellant guilty of assault and assessed punishment
at incarceration for one year and a $2000 fine, probated. In his only point of error, appellant
contends the court erred by overruling his motion for new trial without a hearing. We will
overrule the point and affirm the conviction.

 The motion for new trial alleged that "new evidence favorable to the Defendant has
been discovered since trial, to-wit: Counsel has learned that a witness with testimony favorable
to the Defendant now exists. Said witness is named Billy Eme. His place of residence is 23610
Windy Valley, Leander, Texas 78646." See Tex. Code Crim. Proc. Ann. art. 40.001 (West
Supp. 1996) (new trial shall be granted when material evidence favorable to accused is discovered
after trial). The motion was unsworn and there was no supporting affidavit. The court overruled
the motion without a hearing one week after it was filed.

 As a matter of pleading and as a prerequisite to obtaining a hearing, a motion for
new trial that requires proof of facts extrinsic to the record must be supported by one or more
affidavits showing the truth of the ground of attack. Connor v. State, 877 S.W.2d 325, 327 n.3
(Tex. Crim. App. 1994); McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985);
Bearden v. State, 648 S.W.2d 688, 691-92 (Tex. Crim. App. 1983). A motion for new trial
based on newly discovered evidence requires proof of extrinsic facts and long has been held to
require verification. Bearden, 648 S.W.2d at 691-92; Watkins v. State, 438 S.W.2d 819, 822
(Tex. Crim. App. 1969); Cartwright v. State, 255 S.W.2d 878, 879 (Tex. Crim. App. 1953). 
Appellant acknowledges these precedents but urges that a motion for new trial based on newly
discovered evidence should no longer require supporting affidavits.

 Appellant relies on Meriwether v. State, 840 S.W.2d 959, 961-62 (Tex.
App.--Beaumont 1992, pet. ref'd). This reliance is misplaced for several reasons. First, the
adequacy of the defendant's motion for new trial was not at issue in Meriwether. Second, the
holding in Meriwether, that Texas Rule of Appellate Procedure 30(b)(6) did not require the same
quantum of proof as was required under former article 40.03(6), has been repudiated by the Court
of Criminal Appeals. See Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994) (motion
for new trial under rule 30(b)(6) subject to same analysis as motion under former article
40.03(6)). Third, rule 30(b)(6) was disapproved by the legislature before the offense in this cause
was committed. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 11.02, 1993 Tex. Gen. Laws
3586, 3765. Present article 40.001, which governs appellant's motion for new trial, is identical
in substance to former article 40.03(6).

 Appellant's motion for new trial was inadequate because it was neither sworn nor
supported by affidavit. Moreover, the statement that "a witness with testimony favorable to the
Defendant now exists" was in any event insufficient to demonstrate reasonable grounds to believe
that the new witness was unknown to appellant at the time of trial, that appellant used due
diligence to discover the witness, and that the new witness's testimony was both material and
admissible, and not merely cumulative, corroborative, collateral, or impeaching. See Drew v.
State, 743 S.W.2d 207, 226 (Tex. Crim. App. 1987); Elledge v. State, 890 S.W.2d 843, 846
(Tex. App.--Austin 1994, pet. ref'd) (requirements for obtaining new trial based on new evidence). 
The county court at law did not err by overruling the motion for new trial without a hearing. The
point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 24, 1996

Do Not Publish



ly: CG Times" STYLE="font-size: 11pt">
NO. 407598, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







PER CURIAM


 The county court at law found appellant guilty of assault and assessed punishment
at incarceration for one year and a $2000 fine, probated. In his only point of error, appellant
contends the court erred by overruling his motion for new trial without a hearing. We will
overrule the point and affirm the conviction.

 The motion for new trial alleged that "new evidence favorable to the Defendant has
been discovered since trial, to-wit: Counsel has learned that a witness with testimony favorable
to the Defendant now exists. Said witness is named Billy Eme. His place of residence is 23610
Windy Valley, Leander, Texas 78646." See Tex. Code Crim. Proc. Ann. art. 40.001 (West
Supp. 1996) (new trial shall be granted when material evidence favorable to accused is discovered
after trial). The motion was unsworn and there was no supporting affidavit. The court overruled
the motion without a hearing one week after it was filed.

 As a matter of pleading and as a prerequisite to obtaining a hearing, a motion for
new trial that requires proof of facts extrinsic to the record must be supported by one or more
affidavits showing the truth of the ground of attack. Connor v. State, 877 S.W.2d 325, 327 n.3
(Tex. Crim. App. 1994); McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985);
Bearden v. State, 648 S.W.2d 688, 691-92 (Tex. Crim. App. 1983). A motion for new trial
based on newly discovered evidence requires proof of extrinsic facts and long has been held to
require verification. Bearden, 648 S.W.2d at 691-92; Watkins v. State, 438 S.W.2d 819, 822
(Tex. Crim. App. 1969); Cartwright v. State, 255 S.W.2d 878, 879 (Tex. Crim. App. 1953). 
Appellant acknowledges these precedents but urges that a motion for new trial based on newly
discovered evidence should no longer require supporting affidavits.

 Appellant relies on Meriwether v. State, 840 S.W.2d 959, 961-62 (Tex.
App.--Beaumont 1992, pet. ref'd). This reliance is misplaced for several reasons. First, the
adequacy of the defendant's motion for new trial was not at issue in Meriwether. Second, the
holding in Meriwether, that Texas Rule of Appellate Procedure 30(b)(6) did not require the same
quantum of proof as was required under former article 40.03(6), has been repudiated by the Court
of Criminal Appeals. See Moore v. State, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994) (motion
for new trial under rule 30(b)(6) subject to same analysis as motion under former article
40.03(6)). Third, rule 30(b)(6) was disapproved by the legislature before the offense in this cause
was committed. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 11.02, 1993 Tex. Gen. Laws
3586, 3765. Present article 40.001, which governs appellant's motion for new trial, is identical
in substance to former article 40.03(6).

 Appellant's motion for new trial was inadequate because it was neither sworn nor
supported by affidavit. Moreover, the statement that "a witness with testimony favorable to the
Defendant now exists" was in any event insufficient to demo