COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




THE STATE OF TEXAS,


 Appellant,


v.



THOMAS L. VARKONYI,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00262-CR
 


Appeal from the


120th District Court 


of El Paso County, Texas 


(TC# 20040D05081) 



O P I N I O N


 Thomas Varkonyi was convicted of criminal solicitation of a child and sentenced to 2
years' imprisonment. Following the verdict, the trial court granted Appellee's motion for new
trial, "in the interest of justice." The State presents three issues in this appeal arguing the trial
court's order constituted an abuse of discretion. The State asserts the trial court violated former
Tex.R.App.P. 21.8(b), that Appellee failed to present evidence that the original trial was flawed,
and that the trial court's findings and comments in support of the order were not supported by the
record and do not establish a proper legal ground for new trial. We reverse and remand.

 A jury convicted Appellee of two counts of criminal solicitation of a child. The trial
court sentenced Appellee to two years incarceration in the institutional division of the Texas
Department of Criminal Justice for each count, to be served concurrently. Following his
conviction, Appellee filed a motion for new trial. The motion stated, in its entirety, as follows:

 Now comes [Appellee] in the above-styled and numbered cause, and files this
Motion for New Trial pursuant to Texas and federal constitutional law, and
pursuant to Rule 21 of the Texas Rules of Appellate Procedure, and in support
thereof shows the following:

I.


 Sentence was imposed in open court, and this motion for new trial is filed and
urged.

II.


 Motion for New Trial is urged in the interest of Justice. 


 WHEREFORE, PREMISES CONSIDERED, [Appellee] prays that this Court
GRANT his Motion for New Trial.



 At the motion for new trial hearing, Appellee's newly appointed appellate counsel 
specified the factual bases for the motion. First counsel asked the trial judge to "give testimony
as an officer of the Court" about a conversation the judge had with several jurors regarding audio
recordings of Appellee's conversations with an undercover police officer; and second by raising
several examples of what appellate counsel argues constituted ineffective assistance of counsel
by Appellee's trial attorneys.

The Tapes

 The primary subject of discussion during the hearing was the trial court's conversation
with several members of the jury. (1) During trial, audio recordings of Appellee's conversations
with an undercover police officer, who posed as a minor during the investigation which lead to
Appellee's arrest, were admitted into evidence. The jury did not listen to the tapes until
deliberations. There is no record of a transcript of the recordings. Also, although Appellee's
conversations with the detective were in Spanish, there is no record of an official translation. 

 Over the State's objection, during the motion for new trial hearing the trial judge again
offered his recollections about a conversation he had with several jurors. According to the Judge,
approximately fifteen to twenty minutes after the tapes were delivered to the jury, the Court "sua
sponte" instructed the panel that individual members of the panel were not permitted to translate
or interpret the recordings for the rest of the panel. Later, when the Judge was speaking with
members of the panel, one member commented on the content of the recordings and how
damaging it was to Appellee's defense. The judge inquired whether this individual spoke or
understood Spanish; and she admitted that she did not. At that time, another juror admitted that
she had interpreted the tapes for the panel. The trial judge's narration was the only evidence
offered on this point.

Criticisms of Trial Counsel

 The other factual basis for Appellee's motion relates to the conduct of trial counsel.
During the hearing, appellate counsel indicated that trial counsel failed to use all available 
prememptory strikes during jury selection, and by failing to strike members of the jury who were
the victims of violent crime.

 At the conclusion of the hearing, the trial court orally granted Appellee's motion. The
trial court's written order was entered twelve days later. In addition to the issues discussed at the
hearing, the trial court's order expressed concern that Appellee's trial attorneys were not
prepared for trial. Specifically, the court questioned the attorneys' knowledge of the contents and
the poor quality of the audio tapes, as well as their failure to provide a proposed order for a bail
bond so that Appellee might be released from custody during the appeal. Based on these factual
findings, the court concluded, "[i]t is the order of the Court, based on the totality of the
occurrences witness[ed] by the Court, in the interest of justice, [Appellee's] motion for new trial
must be granted."

 The State argues the trial court's order constitutes an abuse of discretion on three
grounds. In Issue One, the State argues the trial court violated former Texas Rule of Appellate
procedure 21.8(b) by commenting on the evidence and explaining its ruling. In Issue Two, the
State contends the trial court's narration does not constitute competent evidence in support of the
motion and therefore cannot serve as a lawful basis for a new trial. In Issue Three, the State
contends that based on the trial court's written order, the true basis for the ruling was the trial
court's personal perception that Appellee's trial counsel failed to provide effective assistance, a
ground which was not plead or proven by Appellee.

 We review a trial court's decision to grant a motion for new trial under an abuse of
discretion standard. See State v. Gonzalez, 855 S.W.2d 692, 696 (Tex.Crim.App. 1993); State v.
Ordonez, 156 S.W.3d 850, 851 (Tex.App--El Paso 2005, pet. ref'd). We will reverse only after
concluding the trial court's action was arbitrary, and without reference to any guiding rules or
principles of law, resulting in a decision which clearly lies outside the zone of reasonable
disagreement. See Ordonez, 156 S.W.3d at 851.

 While we must afford the trial court wide discretion when reviewing motions for new
trial, that discretion is not without limits. See State v. Herndon, 215 S.W.3d 901, 909
(Tex.Crim.App. 2007).

 [A] trial court would not generally abuse its discretion in granting a motion for
new trial if the defendant: (1) articulated a valid legal claim in his motion for new
trial; (2) produced evidence or pointed to evidence in the trial record that
substantiated his legal claim; and (3) showed prejudice to his substantial rights
under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure. The
defendant need not establish reversible error as a matter of law before the trial
court may exercise its discretion in granting a motion for new trial. On the other
hand, trial courts do not have the discretion to grant a new trial unless the
defendant demonstrates that his first trial was seriously flawed and that the flaws
adversely affected his substantial right to a fair trial.


Herndon, 215 S.W.3d at 909.

 The basis for Appellee's motion for new trial was, "the interest of justice." Although not
specifically listed as a ground in Rule 21.8(b), Texas courts have long recognized that a trial
judge may grant a new trial, "in the interest of justice." (2) See id. at 906. Inherent in this ground
for new trial however, is the concept that the new trial will be granted in accordance with the
law. See id. at 906-07 (trial judge has discretion to grant or deny a new trial "in the interest of
justice," but "justice" means in accordance with the law). In addition, the "interest of justice,"
concept does not include other bases for new trial as provided by the rules. See State v. Provost,
205 S.W.3d 561, 566 (Tex.App.--Houston [14th Dist.] 2006, no pet.). The defendant must allege
sufficient grounds to inform the trial judge as to why the defendant believes he is entitled to a
new trial. Provost, 205 S.W.3d at 566. In other words, the trial court is prohibited from sua 
sponte granting a new trial and is further prohibited from granting a motion for new trial on
grounds the defendant has not raised. See id. ("appellee's argument that the trial court can grant
a motion for new trial in the interest of justice does not advance his case here because a
defendant must allege sufficient grounds to appraise the trial judge and the State as to why he
believes himself entitled to a new trial."), citing Ex parte Ybarra, 629 S.W.2d 943, 945
(Tex.Crim.App. 1982); Zaragoza v. State, 588 S.W.2d 322, 326-27 (Tex.Crim.App. 1979).

 The sole ground raised in Appellee's motion was "in the interest of justice." If Appellee
believed he was entitled to a new trial based on his trial counsel's performance there is no reason
why that ground could not have been included in the motion, and properly considered by the trial
court. In addition, it would have provided the State with an opportunity to prepare an appropriate 
response. As the ground was not raised in Appellee's motion, ineffective assistance was an
inappropriate basis for the ruling. See Provost, 205 S.W.3d at 566. Furthermore, by basing his
ruling on the motion, at least in part, on occurrences which were not raised at the hearing, the
judge abandoned his role as a neutral magistrate, and disregarded the legal standard placing the
burden of proof on the defendant. See Ex parte Ybarra, 629 S.W.2d at 945; Zaragoza, 588
S.W.2d at 326-27. Therefore, in accordance with part one of the Herndon analysis, Appellee was
not entitled to a new trial on ineffective assistance grounds, and the trial court erred by inserting
his own personal observations and opinions in his ruling. Issue Three is sustained.

 Appellee fares no better under part two of Herndon. A trial court does not abuse its
discretion in granting a new trial if the defendant produced or pointed to some evidence in the
trial record that substantiates his claim. Herndon, 215 S.W.3d at 909. As we have already
determined, the criticisms of Appellee's trial attorneys were improperly inserted into the trial
court's ruling. The only evidence remaining in support of the motion is the trial judge's own
narrative testimony about his personal conversation with jurors regarding the Spanish audio
tapes. 

 The question now becomes whether this personal narration by the trial court is capable of
supporting a new trial. If the evidence presented was not competent, there was no record upon
which the trial court could exercise its discretion and determine a new trial was warranted. (3) See
Herndon, 215 S.W.3d at 907 ("trial court does not have discretion to grant a new trial unless the
defendant shows he is entitled to one under the law."); see also, Ordonez, 156 S.W.3d at 852
(order granting new trial reversed as it was clear the ruling was based on incompetent evidence);
State v. Krueger, 179 S.W.3d 663, 669 (Tex.App.--Beaumont 2005, no pet.)(trial court abused its
discretion by granting motion for new trial as defendant failed to produce evidence for the trial
court to consider).

 In the second issue presented for review, the State argues that the trial judge's testimony
itself constituted an abuse of discretion, as by doing so, the trial court abandoned his role as a
neutral magistrate and effectively became an advocate for Appellee. Under the appellate rule in
effect at the time of the hearing, the trial court was prohibited from summarizing, discussing, or
commenting on the evidence. See Tex.R.App.P. 21.8(b), 70 Tex.B.J. 80, 80 (January 2007); See
also, Herndon, 215 S.W.3d at 905 n.5 ("Rule 21.8(b) was amended, effective January 1, 2007, to
read: 'In ruling on a motion for new trial, the court may make oral or written findings of fact.' 
70 Tex.B.J. 80, 80 (January 2007). Henceforth, a trial judge may summarize the evidence or
explain the basis for granting or denying a motion for new trial, but this is a rule that we cannot
apply to a hearing that occurred before its enactment."). While a violation of former
Rule 21.8(b) generally did not result in reversible error, the trial court's unauthorized
explanations cannot be considered by the reviewing court. (4) See Lewis v. State, 911 S.W.2d 1, 8
n.16 (Tex.Crim.App. 1995); State v. Blanco, 953 S.W.2d 799, 802 (Tex.App.--Corpus Christi
1997, pet. ref'd); Meriwether v. State, 840 S.W.2d 959, 960 (Tex.App.--Beaumont 1992, pet.
ref'd).

 In the case before us, the only evidence presented in support of the motion for new trial
was the trial judge's comments and recollections. Because we cannot consider this evidence, the
motion was without evidentiary support. Therefore the trial court abused its discretion by
granting the motion. (5) See Herndon, 215 S.W.3d at 909; Krueger, 179 S.W.3d at 669; State v.
Moore, 240 S.W.3d 324, 329-30 (Tex.App.--Austin 2007, pet. ref'd). Issues One and Two are
sustained.

 Even if we were to consider any of the "evidence" proffered during the hearing,
Appellee's motion must still fail under the third part of the Herndon analysis. Without some
evidence to show his substantial rights were prejudiced under the standard of Rule 44.2, there
was nothing based on which the trial court could have concluded Appellee's first trial was,
"seriously flawed and that the flaws adversely affected his substantial rights . . . ." Herndon, 215
S.W.3d at 909. Because Appellee's motion for new trial cannot satisfy the elements of the
Herndon analysis, the trial court abused its discretion in granting the motion.

 Having determined the trial court abused its discretion by granting Appellee's motion for
new trial in accordance with the standard set forth in Herndon v. State, we reverse the order and
remand the case to the trial court with instructions to reinstate the conviction.



March 27, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. The source of appellate counsel's request that the judge recount his conversation with
jurors seems to stem from "thoughts" and "observations" volunteered by the trial judge during
the hearing in which appellate counsel was appointed. During the appointment hearing, two
months before the motion for new trial hearing, the judge personally recounted a conversation he
had with members of the jury regarding audio recordings of Appellee and the undercover officer 
in order to "put [appellate counsel] on notice," so counsel could, "do what -- you do." Appellate
counsel responded that he would, "probably be filing a motion for new trial."
2. Unless otherwise indicated, "Rule" indicates a reference to the Texas Rules of Appellate
Procedure.
3. The State lodged a two-fold objection to the judge's testimony. First, the prosecutor
objected to the judge's lack of personal knowledge as to what went on during deliberations. See
Tex.R.Evid.602. The prosecutor also objected on the basis that Tex.R.Evid. 606(b), the jurors
themselves would not have been permitted to testify regarding their deliberations, and so neither
should the trial judge.
4. We note again, the trial judge's abandonment of his role as a neutral magistrate, as well
as prohibition against a trial judge testifying as a witness in the Texas Rules of Evidence. See
Tex.R.Evid. 605; George v. State, 20 S.W.3d 140-41 (Tex.App.--Houston [14th Dist.] 2000, pet.
ref'd)(noting that while the application of Rule 605 to motion for new trial hearings is unclear,
the objective of the rule is, "to preserve the judge's posture of impartiality before the parties
. . . ."), overruled on other grounds, Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001).
5. It is important to recognize the limited nature of our decision in this case. The
determination whether a defendant has meet his burden of proof in a motion for new trial is a
decision properly left to the trial court. See Herndon, 215 S.W.3d at 909. However, determining
whether the defendant has met his burden, necessarily assumes that some competent evidence has
been produced in support of the grounds urged in the motion. In the rare case where a motion for
new trial is completely unsupported, there is no record upon which the trial court can exercise its
broad discretion. Ordonez, 156 S.W.3d at 852. Granting such a motion can only be done in an
arbitrary manner without reference to guiding rules and principles of law, and constitutes an
abuse of discretion.